LEWIS BRISBOIS BISGAARD & SMITH LLP
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
MICHAEL S. MOSS, SB# 211115
  E-Mail: Michael.Moss@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, Kathy Griffin

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L.M. SENDZUL, an independent screenplay writer,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JAY C. HOAG an individual; KNIGHTS CAPITAL 111 LLC, a California Limited Liability Company; MICHAEL A. HOAG an individual; LAURIE K. LACOB an individual; BRADFORD S. HENNIG an individual; NINA HENDERSON MOORE an individual; NETFLIX INC., a Delaware Corporation; NETFLIX STREAMING SERVICES INC., a Delaware Corporation; VERTICAL ENTERTAINMENT LLC, a California Limited Liability Company; AMAZON .COM INC., a Delaware Corporation; AMAZON DIGITAL SERVICES LLC, a Delaware Limited Liability Company; KATHY GRIFFIN an individual; DARYL HANNAH an individual; BROOKE C. SHIELDS an individual; VIRGINIA MADSEN an individual;<br><br>　　　　　Defendants. | Case No. 2:21-cv-06894-RGK-KS<br><br>*The Honorable R. Gary Klausner, Courtroom 850*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KATHY GRIFFIN'S MOTION TO DISMISS**<br><br>**[Filed with Notice of Motion to Dismiss; Declaration of Michael S. Moss; and Proposed Order]**<br><br>**Date:　March 21, 2022**<br>**Time:　9:00 a.m.**<br>**Crtm.:　850**<br><br>Action Filed:　August 17, 2021 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff alleges she submitted a written story, *What Men Want And What Women Are Prepared To Give*, to WildSound Film Festival in 2009. (See Complaint, ¶ 5, attached as Exhibit A to the herewith filed Declaration of Michael S. Moss.) Plaintiff alleges comedian Kathy Griffin later copied a portion of *What Men Want And What Women Are Prepared To Give* for use in a 2010 "Pap Smear" sketch by Ms. Griffin for Bravo (TV). (See Complaint, ¶¶ 9, 97-98.)

Plaintiff asserts three copyright infringement causes of action and a copyright infringement declaratory relief cause of action.

The statute of limitations for copyright infringement claims is three years. Plaintiff filed this action on August 17, 2021. (See Declaration of Michael S. Moss, ¶ 3.) Plaintiff, however, alleges she became aware of the alleged infringement a decade earlier. Plaintiff alleges, "in and around 2011/12 browsing online, I came across the '*Pap Smear*' sketch. I recognized it to be strikingly similar to my original screenplay." (See Complaint, ¶ 10.) By Plaintiff's own allegations, therefore, her claims are time-barred as against Ms. Griffin.

Plaintiff also fails to establish registration of the copyright with the United States Copyright Office, which is "a prerequisite to a suit based on a copyright." *Kodadek v. MTV Networks, Inc*. (9th Cir. 1998) 152 F.3d 1209, 1211.

Plaintiff also fails to state a claim for copyright infringement. Plaintiff asserts similarity between the works only in a conclusory fashion. Getting a pap smear is not even copyrightable. "No one can own the basic idea for a story." *Berkic v. Crichton* (9th Cir. 1985) 761 F.2d 1289, 1293.

## II. PLAINTIFF'S CLAIMS ARE TIME-BARRED

"Statutes of limitations establish the period of time within which a claimant must bring an action." (*Heimeshoff v. Hartford Life & Accident Ins. Co.* (2013) 571 U.S. 99, 105.)

"A claim may be dismissed under [Federal Rule of Procedure] Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations [] when 'the running of the statute is apparent on the face of the complaint.' " *Mimms v. Lewis* (C.D.Cal. May 3, 2016, No. CV 12-10769 DMG(JC)) 2016 U.S.Dist.LEXIS 129079, at *12.

### A.     The statute of limitations is three years on Plaintiff's claims

Plaintiff asserts three copyright infringement claims. "Copyright infringement claims must be 'commenced within three years after the claim accrued.' 17 U.S.C. § 507(b)." *Media Rights Techs., Inc. v. Microsoft Corp*. (9th Cir. 2019) 922 F.3d 1014, 1022.

Plaintiff also asserts a declaratory relief claim that the "Pap Smear sketch infringe[s] on Plaintiff's rights in and to the *What Men Want And What Women Are Prepared To Give* Copyrighted Works."  The same three-year statute applies to declaratory relief claims.  *Mappa Music Co. v. Universal-Polygram Int'l Publ'g* (C.D.Cal. Dec. 17, 2001, CASE NO.: CV 00-6593 ABC (AIJx)) 2001 U.S.Dist.LEXIS 24554, at *21-22. "Where the declaratory relief is sought with reference to an obligation which is alleged to have been breached, and where the right to commence an action for relief on the cause of action arising from the breach is barred by the statute of limitations, the declaratory relief action is likewise barred." *Acme Fill Corp. v. Althin CD Med., Inc.* (N.D.Cal. Oct. 16, 1995, Case No. Cb91-4268 MCC) 1995 U.S.Dist.LEXIS 22197, at *16.

### B.     The running of the statute of limitations is apparent from the face of the Complaint

"Under the 'discovery rule,' a copyright infringement claim accrues—and the statute of limitations begins to run—when a party discovers, or reasonably should have discovered, the alleged infringement." *Media Rights Techs., Inc. v. Microsoft Corp*. (9th Cir. 2019) 922 F.3d 1014, 1022.

Plaintiff filed this action on August 17, 2021.  Plaintiff, however, not only

should have discovered the alleged infringement before August 17, 2018, Plaintiff alleges she, in fact, *did* discover the alleged infringement before August 17, 2018—six years before. Plaintiff alleges "in and around 2011/12 browsing online, I came across the '*Pap Smear*' sketch. I recognized it to be strikingly similar to my original screenplay." (See Complaint, ¶ 10.)

Plaintiff's allegations on the timing of the discovery are binding. "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *American Title Ins. Co. v. Lacelaw Corp.* (9th Cir. 1988) 861 F.2d 224, 226. See also *Hidalgo v. Progress Found.* (N.D.Cal. Apr. 10, 2003, No. C 02-2881 CRB) 2003 U.S.Dist.LEXIS 6296, at *6 ("The allegations in plaintiff's form and typewritten complaints are judicial admissions by which he is bound.").

### III. PLAINTIFF FAILS TO ESTABLISH REGISTRATION OF THE COPYRIGHT, WHICH IS A PREREQUISITE TO A CIVIL ACTION

"Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright." *Kodadek v. MTV Networks, Inc.* (9th Cir. 1998) 152 F.3d 1209, 1211. "A Court does not have jurisdiction over a copyright claim until the copyright has been registered." *Just Water Heaters Inc. v. Affordable Water Heaters & Plumbing, Inc.* (N.D.Cal. Feb. 23, 2006, No. C-05-4996 SC) 2006 U.S.Dist.LEXIS 9006, at *5. See also 17 USCS § 106A(a).

Plaintiff alleges the copyright for *What Men Want And What Women Are Prepared To Give* was "duly registered with the Writers Guild of America West." (See Complaint, ¶¶ 1, 49.) Registration with the Writers Guild of America, however, is insufficient. The registration must be with the United States Copyright Office. "Registration, under 17 U.S.C. §§ 409, 410, is to be with the Register of Copyrights, not the Writers' Guild of America, and registration or pre-registration of the copyrightable material with the Register of Copyrights is a pre-condition to a lawsuit for infringement." (*Latimore v. NBC Universal, Inc.* (S.D.N.Y. May 11,

2009) 2009 U.S.Dist.LEXIS 39919, at *4-5.) "[R]egistration with the WGA alone is insufficient to sue under the Copyright Act." *Hunter v. Tarantino* (C.D.Cal. July 15, 2010, No. CV 10-03387 SJO (PJWx)) 2010 U.S.Dist.LEXIS 152673, at *6.

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

"To establish a successful copyright claim, a plaintiff must show: (1) his ownership of the copyright; (2) the defendant's access to his work; and (3) 'substantial similarity' between the defendant's work and his own." *Berkic v. Crichton* (9th Cir. 1985) 761 F.2d 1289, 1291.

Plaintiff asserts the Pap Smear sketch is "strikingly similar" to *What Men Want And What Women Are Prepared To Give* "in terms of plot, sequence of events, theme, characters, setting, mood, pace and dialogue." (See Complaint, ¶¶ 10-11.) But this is just a conclusionary statement. Plaintiff does not even describe the contents of the Pap Smear sketch or how they are strikingly similar to *What Men Want And What Women Are Prepared To Give*.[1] "[A] plaintiff obligation to provide the 'grounds" of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678.

Even if Plaintiff's conclusory allegations sufficed, Plaintiff does not allege Ms. Griffin copied an expression unique to Plaintiff.

Plaintiff describes *What Men Want And What Women Are Prepared To Give* as concerning a menopause scare followed by a visit to a gynecologist, "which included a 'pap smear' test," and the documenting and recounting of related medical

---

[1] Plaintiff mentions the Pap Smear sketch in paragraphs 9-10, 67-68, 97-98, 108, 113, 117-118, and 123 of the Complaint.

procedures. (See Complaint, ¶¶ 14-16, 49-53.) Plaintiff alleges "Griffin extracts only the '*Pap Smear*'" passage from the screenplay…" (See Complaint, ¶ 68.)

Getting a pap smear is just an idea, a concept. "No one can own the basic idea for a story. General plot ideas are not protected by copyright law; they remain forever the common property of artistic mankind." *Berkic v. Crichton* (9th Cir. 1985) 761 F.2d 1289, 1293. "The test for 'substantial similarity of ideas' compares, not the basic plot ideas for stories, but the actual concrete elements that make up the total sequence of events and the relationships between the major characters." (*Id.*) "Copyright law protects only an author's expression. Facts and ideas within a work are not protected." *Narell v. Freeman* (9th Cir. 1989) 872 F.2d 907, 910. See also *Litchfield v. Spielberg* (9th Cir. 1984) 736 F.2d 1352, 1357 ("Any similarities in plot exist only at the general level for which plaintiff cannot claim copyright protection."); *Bethea v. Burnett* (C.D.Cal. June 28, 2005, No. CV 04-7690-JFW (PLAx)) 2005 U.S.Dist.LEXIS 46944, at *32 ("However, Plaintiffs' alleged similarity is nothing more than a string of generic 'ideas' which is not protected by copyright law.")

## V. CONCLUSION

Ms. Griffin respectfully requests the Court dismiss Plaintiff's Complaint as against Ms. Griffin, without leave to amend.

DATED: February 10, 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     */s/ Michael S. Moss*
    Dana Alden Fox
    Michael S. Moss
    Attorneys for Defendant, Kathy Griffin.



# FEDERAL COURT PROOF OF SERVICE
Sendzul, Jennifer v. Kathy Griffin, et al.
USDC Case No. 2:21-cv-06894-RGK-KLSx

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 10, 2022, I served the following document(s): MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KATHY GRIFFIN'S MOTION TO DISMISS

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 10, 2022, at Los Angeles, California.

*Corinne Taylor*
Corinne Taylor

4895-9013-9147.1                                1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KATHY GRIFFIN'S MOTION TO DISMISS

**SERVICE LIST**
**Sendzul, Jennifer v. Kathy Griffin, et al.**
**USDC Case No. 2:21-cv-06894-RGK-KLSx**

| | |
|---|---|
| Jennifer LM Sendzul<br>CG 3, Av De La Cortinada, 6.,<br>Edifici Claudia 2-3a.<br>Ordino, AD300, ANDORRA<br>Telephone:  (+376) 642300<br>Email:<br>    oortcloudfilms@gmail.com | Plaintiff in Pro Se |
| Nicolas A Jampol, Esq.<br>Cydney Swofford Freeman, Esq.<br>DAVIS WRIGHT TREMAINE LLP<br>865 South Figueroa Street Suite 2400<br>Los Angeles, CA 90017-2566<br>Telephone:  213-633-6800<br>Facsimile:   213-633-6899<br>Email:       nicolasjampol@dwt.com<br>                cydneyfreeman@dwt.com | Attorneys for Defendants,<br>Amazon Digital Services LLC and<br>Amazon. Com Inc. |