NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200
Fax: (202) 973-4499

Attorneys for Defendants
AMAZON.COM, INC.;
AMAZON.COM SERVICES LLC; and
NINA HENDERSON MOORE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LM SENDZUL, independent screenplay writer,<br><br>Plaintiff,<br><br>vs.<br><br>JAY C HOAG, an individual; KNIGHTS CAPITAL 111 LLC., is a California Limited Liability Company; MICHAELA HOAG an individual; LAURIE K LACOB an individual; BRADFORD S. HENNIG an individual; NINA HENDERSON MOORE an individual; NETFLIX INC., is a Delaware corporation; NETFLIX STREAMING SERVICES INC., is a Delaware Corporation VERTICAL ENTERTAINMENT LLC., is a California Limited Liability Company., AMAZON.COM INC ., is a Delaware corporation; AMAZON DIGITAL SERVICES LLC., is a Delaware Limited Liability Company; KATHY GRIFFIN an individual; DARYL HANNAH an individual; BROOKE C. SHIELDS an individual; VIRGINIA MADSEN an individual,<br><br>Defendants. | Case No.: 2:21-cv-06894-RGK-KS<br><br>***EX PARTE* APPLICATION OF DEFENDANT NINA HENDERSON MOORE FOR AN EXTENSION TO RESPOND TO INITIAL COMPLAINT**<br><br>Complaint Served: February 16, 2022<br>Current Deadline: March 9, 2022<br>Proposed Deadline: March 23, 2022 |

# *EX PARTE* APPLICATION

Pursuant to Federal Rule of Civil Procedure 6(b)(1), Local Rule 7-19, and *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), defendant Nina Henderson Moore ("Moore") submits this *ex parte* application for an order extending the time for her to answer or otherwise respond to the initial complaint filed by plaintiff Jennifer LM Sendzul ("Plaintiff"). Moore's deadline to respond to the complaint is currently March 9, 2022. On March 4, 2022, Plaintiff agreed in writing to Moore's request for a thirty-day extension, and then on March 9, 2022, refused to sign a stipulation memorializing an extension (or propose any changes to such stipulation). Moore now seeks a two-week extension from this Court, from March 9, 2022, to March 23, 2022. This application is made *ex parte* on the following grounds:

*First*, due to ongoing personal matters necessitating her immediate attention, Moore required additional time to secure counsel, which delayed her ability to respond to the complaint. As a result, she sought Plaintiff's permission for a thirty-day extension to respond to the initial complaint, which Plaintiff granted by email. Once counsel was engaged to represent Moore, such counsel contacted Plaintiff in connection with executing a stipulation memorializing an extension. At that time, Plaintiff withdrew her consent. As a result, there is good cause to grant Moore an extension to respond to the complaint.

*Second*, Plaintiff will not be prejudiced by the requested extension because she previously consented to a thirty-day extension to respond to the complaint, and Moore now only requests a fourteen-day extension. In addition, many defendants have not yet been served in this case.

Pursuant to Local Rule 7-19, on March 9, 2022, immediately after Plaintiff withdrew her consent to the extension, Moore's counsel gave notice of this application to Plaintiff. Plaintiff did not state whether she would oppose this application. *Id.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | The contact information for Plaintiff is:
2 | CG 3, Av De La Cortinada, 6., Edifici Claudia 2-3a.,
3 | Ordino. AD300. ANDORRA.
4 | Telephone: (+376) 642300
5 | Email: oortcloudfilms@gmail.com

This application is based on the accompanying memorandum of points and authorities; the declaration of Nicolas A. Jampol and accompanying exhibits; all matters of which judicial notice may be taken; and on such argument as may be presented at the hearing on this application, if any.

DATED: March 9, 2022            Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN (*pro hac vice*)

By:   /s/ Nicolas A. Jampol
      Nicolas A. Jampol

Attorneys for Defendants
AMAZON.COM, INC.,
AMAZON.COM SERVICES LLC, and
NINA HENDERSON MOORE

2

*EX PARTE* APPLICATION

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Nina Henderson Moore ("Moore") seeks a fourteen-day extension to respond to the initial complaint filed by plaintiff Jennifer LM Sendzul ("Plaintiff"). Moore requested a thirty-day extension from Plaintiff last week, which Plaintiff granted by email before withdrawing her consent today, seemingly because Moore obtained counsel. As a result, Moore seeks the extension directly from this Court.

### II. FACTUAL BACKGROUND

Moore was served on February 16, 2022, Jampol Decl. ¶ 2, but due to ongoing personal matters requiring her immediate attention, she was not able to immediately seek to engage counsel to respond to the complaint. On March 4, 2022, Moore emailed Plaintiff to ask whether she would consent to a thirty-day extension of time to respond to the complaint. Jampol Decl. ¶ 3, Ex. A (email chain containing Moore's initial email and Plaintiff's response). Plaintiff responded that she had "no problem with your request for a 30 day extension." *Id.*

On March 8, 2022, Moore's counsel was engaged to represent her in this action. Jampol Decl. ¶ 4. That same day, Moore's counsel emailed Plaintiff to inform her that Moore only needed fourteen days, not thirty days, and sent a draft stipulation under Local Rule 8-3 to Plaintiff, asking her to provide any comments or, if no comments, to affix her signature. *Id.*, Ex. B (with proposed stipulation). In response, Plaintiff forwarded to Moore's counsel her prior email to Moore. *Id.* ¶ 5, Ex. A. Moore's counsel thanked Plaintiff for the confirmation of the extension and asked her to sign the stipulation or propose changes. *Id.*, Ex. C (again with proposed stipulation). Plaintiff responded that "[u]nder no circumstances are you [to] imply that I have agreed to any such thing in your stipulation" and "I'm not agreeing to any further eleventh hour extensions." *Id.* ¶ 6, Ex. D. In response, Moore's counsel provided notice of this *ex parte* application. *Id.* ¶ 7, Ex. E.

*EX PARTE* APPLICATION 3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Plaintiff responded that her prior agreement had "conditions precedent," including
2  providing Plaintiff with a proof of service (which Moore would not have) and
3  suggesting that Moore must wait thirty days before filing any dispositive motion.
4  *Id.* ¶ 8, Ex. F.  Moore's counsel did not agree to wait for thirty days to file a
5  dispositive motion. *Id.* ¶ 9, Ex. G.  Plaintiff responded that she could not interfere
6  with the Marshal Service, but otherwise did not respond to Moore's counsel's
7  repeated requests to provide any comments to the proposed stipulation or state her
8  position on this *ex parte* application.  *Id.* ¶ 10, Ex. H.

Moore now seeks an order from the Court extending her deadline for responding to the complaint until March 23, 2022 (fourteen days from the current response deadline of March 9, 2022).

### III.   *EX PARTE* RELIEF IS WARRANTED HERE

In *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995), the district court set forth a two-part test for determining whether a moving party is entitled to *ex parte* relief.  The moving party must show (1) that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) that the moving party is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.*  Moore's application meets both of these criteria.

*First*, Moore has no alternative but to seek *ex parte* relief, and would face irreparable prejudice if regular noticed motion procedures were followed, because there is insufficient time to have a regularly noticed motion for a continuance heard before the March 9, 2022 deadline that she is seeking to continue.

*Second*, Moore has been diligent in seeking relief.  As outlined above, on March 4, 2022, Moore reached out to Plaintiff for a thirty-day extension to respond to the complaint, which Plaintiff granted.  After Moore's counsel was engaged to represent her on March 8, 2022, and immediately contacted Plaintiff to work out a

4

*EX PARTE* APPLICATION

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

stipulation granting a *shorter* extension than she had granted, Plaintiff withdrew her consent for any extension. Moore reasonably relied on Plaintiff's initial consent and should not be prejudiced due to Plaintiff's withdrawal of consent.

## IV. GOOD CAUSE EXISTS FOR AN EXTENSION

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... with or without motion or notice ... if a request is made, before the original time or its extension expires." "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

Here, there is good cause to grant Moore an extension to respond to the complaint because she was dealing with ongoing personal matters requiring her immediate attention and was unable to secure counsel until March 8, 2022. Because her attention was needed elsewhere, with her deadline approaching, Moore requested a thirty-day extension from Plaintiff, which she granted. When Moore's counsel contacted Plaintiff regarding the stipulation memorializing an extension, Plaintiff withdrew her consent. Consequently, Moore must now seek the extension from the Court. Plaintiff will not be prejudiced by a fourteen-day extension, particularly as she agreed to a *thirty*-day extension previously. Moreover, many of the other defendants in this case have not yet been served.

## V. CONCLUSION

For the reasons set forth above, Moore respectfully requests that the Court grant this application, and continue Moore's deadline to respond to the initial complaint to March 23, 2022.

*EX PARTE* APPLICATION

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: March 9, 2022

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN (*pro hac vice*)

By:   /s/ Nicolas A. Jampol
       Nicolas A. Jampol

Attorneys for Defendants
AMAZON.COM, INC.;
AMAZON.COM SERVICES LLC; and
NINA HENDERSON MOORE

*EX PARTE* APPLICATION

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899