NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Telephone:  (202) 973-4200
Fax:  (202) 973-4499

Attorneys for Defendants
AMAZON.COM, INC.; AMAZON.COM
SERVICES LLC; NINA HENDERSON
MOORE; NETFLIX, INC.; and NETFLIX
STREAMING SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LM SENDZUL, independent screenplay writer,<br><br>                    Plaintiff,<br><br>        vs.<br><br>JAY C HOAG, an individual; KNIGHTS CAPITAL 111 LLC., is a California Limited Liability Company; MICHAELA HOAG an individual; LAURIE K LACOB an individual; BRADFORD S. HENNIG an individual; NINA HENDERSON MOORE an individual; NETFLIX INC., is a Delaware corporation; NETFLIX STREAMING SERVICES INC., is a Delaware Corporation VERTICAL ENTERTAINMENT LLC., is a California Limited Liability Company., AMAZON.COM INC ., is a Delaware corporation; AMAZON DIGITAL SERVICES LLC., is a Delaware Limited Liability Company; KATHY GRIFFIN an individual; DARYL HANNAH an individual; BROOKE C. SHIELDS an individual; VIRGINIA MADSEN an individual,<br><br>                    Defendants. | Case No.: 2:21-cv-06894-RGK-KS<br><br>**AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:       April 18, 2022<br>Time:       9:00 a.m. |

**TO THE COURT, PLAINTIFF, AND ALL PARTIES:**

PLEASE TAKE NOTICE that on April 18, 2022, at 9:00 a.m. or as soon as may be heard in Courtroom 850 of the United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, CA 90012, defendants Amazon.com, Inc. and Amazon.com Services LLC[1] ("Amazon") will and hereby do move this Court for an order dismissing the complaint filed by plaintiff Jennifer Sendzul ("Plaintiff").

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a valid claim. Plaintiff's first cause of action for copyright infringement as to the film *The Hot Flashes* (the "Film") fails on numerous grounds. First, Plaintiff fails to allege whether she complied with the Copyright Act's mandatory registration requirement prior to filing suit, or if not, whether or how she is exempt from that requirement. Second, the complaint fails to plausibly allege access to Plaintiff's purported screenplay *What Men Want And What Women Are Prepared To Give* (the "Screenplay"). Third, the complaint does not plausibly allege substantial similarity of protected expression between the Film and the Screenplay. Because Plaintiff's claim for direct copyright infringement fails, so too do her second and third causes of action for contributory and vicarious copyright infringement. Moreover, Plaintiff fails to allege sufficient factual content that could plausibly show contributory or vicarious infringement. Plaintiff's fourth claim for declaratory relief fails along with her other claims.

This motion is based on this notice of motion, the memorandum of points and authorities, the declaration of Cydney Swofford Freeman, the notice of lodging with exhibit, and all other matters of which this Court may take judicial notice, the pleadings, files, and records in this action, and on any argument heard by this Court.

---

[1] Erroneously sued as "Amazon Digital Services LLC."

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    This motion is made following the conference of counsel pursuant to L.R. 7-
2    3, which took place on March 4, 2022.

3

4    DATED: March 16, 2022            Respectfully submitted,

5                                     DAVIS WRIGHT TREMAINE LLP
6                                     NICOLAS A. JAMPOL
                                      CYDNEY SWOFFORD FREEMAN
7                                     MEENAKSHI KRISHNAN (*pro hac vice*)

8                                     By:    /s/ Cydney Swofford Freeman
                                             Cydney Swofford Freeman
9
                                      Attorneys for Defendants
10                                    AMAZON.COM, INC. and
                                      AMAZON.COM SERVICES LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMAZON'S MOTION TO DISMISS
4856-5262-7212v.3 0118865-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................... 1

II.     FACTUAL BACKGROUND.................................................................... 1

        A.    The Screenplay ............................................................................ 1

        B.    The Film ...................................................................................... 2

        C.    This Lawsuit ................................................................................ 3

III.    PLAINTIFF FAILS TO ALLEGE COMPLIANCE WITH THE
        COPYRIGHT ACT'S REGISTRATION REQUIREMENT ........................ 3

IV.     PLAINTIFF'S DIRECT COPYRIGHT INFRINGEMENT CLAIM
        FAILS ...................................................................................................... 4

        A.    Plaintiff Fails to Adequately Plead Access ......................................... 5

        B.    Plaintiff Fails to Adequately Plead Substantial Similarity................... 7

              1.    The Court Must Disregard Unprotectable Elements.................. 7

              2.    The Complaint Does Not Sufficiently Allege Substantial
                    Similarity........................................................................ 9

                    a.    Plot and Sequence of Events.......................................... 10

                    b.    Theme ........................................................................ 12

                    c.    Characters .................................................................. 13

                    d.    Setting ....................................................................... 14

                    e.    Dialogue ..................................................................... 14

                    f.    Mood and Pace............................................................. 15

V.      PLAINTIFF'S SECONDARY LIABILITY CLAIMS LIKEWISE
        FAIL....................................................................................................... 15

VI.     CONCLUSION....................................................................................... 16

AMAZON'S MOTION TO DISMISS
4856-5262-7212v.3 0118865-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Apple v. Microsoft*,
35 F.3d 1435 (9th Cir. 1994) ...................................................................8

6

7

*Art Attacks Ink, LLC v. MGA Ent. Inc.*,
581 F.3d 1138 (9th Cir. 2009) ................................................................5

8

9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................4

10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................4

11

12

*Benay v. Warner Bros. Ent.*,
607 F.3d 620 (9th Cir. 2010) ................................................................11

13

14

*Benjamin v. Walt Disney Co.*,
2007 WL 1655783 (C.D. Cal. 2007) ......................................................13

15

16

*Berkic v. Crichton*,
761 F.2d 1289 (9th Cir. 1985) ................................................................8

17

18

*Bernal v. Paradigm Talent & Literary Agency*,
788 F. Supp. 2d 1043 (C.D. Cal. 2010) ..................................................5

19

20

*Briggs v. Blomkamp*,
70 F. Supp. 3d 1155 (N.D. Cal. 2014) ....................................................6

21

22

*Cavalier v. Random House, Inc.*,
297 F.3d 815 (9th Cir. 2002) ..................................................................8

23

*DigitAlb, Sh.a v. Setplex, LLC*,
284 F. Supp. 3d 547 (S.D.N.Y. 2018) ....................................................4

24

25

*Esplanade Productions v. Walt Disney Co.*,
2017 WL 5635024 (C.D. Cal. July 11, 2017).....................................9, 10

26

27

*Feist Publ'ns v. Rural Tel. Serv.*,
499 U.S. 340 (1991)................................................................................5

28

iv

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Fillmore v. Blumhouse Prods.*,
 2017 WL 4708018 (C.D. Cal. July 7, 2017)...........................................................9

*Fodor v. L.A. Unified Sch. Dist.*,
 2014 WL 12235424 (C.D. Cal. June 3, 2014) ...............................................15, 16

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
 139 S. Ct. 881 (2019)..............................................................................................3

*Fox Broad. Co. v. Dish Network*,
 747 F.3d 1060 (9th Cir. 2014) ...............................................................................15

*Funky Films, Inc. v. Time Warner Ent. Co., L.P.*,
 462 F.3d 1072 (9th Cir. 2006) ...............................................................................13

*Gallagher v. Lions Gate Ent.*,
 2015 WL 12481504 (C.D. Cal. Sept. 11, 2015) ....................................................14

*Gilbert v. New Line Productions*,
 2010 WL 5790628 (C.D. Cal. Aug. 13, 2010)..........................................................8

*Hayes v. Minaj*,
 2013 WL 11328453 (C.D. Cal. Mar. 7, 2013)........................................................11

*Kiely v. Universal Music Grp.*,
 2020 WL 4037161 (C.D. Cal. Mar. 5, 2020)............................................................3

*Knievel v. ESPN*,
 393 F.3d 1068 (9th Cir. 2005) .................................................................................2

*Kouf v. Walt Disney Pictures & Television*,
 16 F.3d 1042 (9th Cir. 1994) ...................................................................................9

*Loomis v. Cornish*,
 836 F.3d 991 (9th Cir. 2016) ...................................................................................6

*Masterson v. Walt Disney Co.*,
 2019 WL 2879877 (C.D. Cal. May 8, 2019) .......................................................5, 9

*MDY Indus., LLC v. Blizzard Ent., Inc.*,
 629 F.3d 928 (9th Cir. 2010) .............................................................................15, 16

*Mintz v. Subaru of Am., Inc.*,
 716 F. App'x 618 (9th Cir. 2017) .............................................................................6

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Nobile v. Watts*,
  747 F. App'x 879 (2d Cir. 2018) .......................................................... 11

*Olson v. Nat'l Broad. Co.*,
  855 F.2d 1446 (9th Cir. 1988) .............................................................. 14

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 788 (9th Cir. 2007) ................................................................ 15

*Schkeiban v. Cameron*,
  2012 WL 12895721 (C.D. Cal. July 20, 2012).................................... 5, 6

*Shame on You Productions v. Banks*,
  120 F. Supp. 3d 1123 (C.D. Cal. 2015) ............................................ 8, 13

*Sheldon Abend Revocable Trust v. Spielberg*,
  748 F. Supp. 2d 200 (S.D.N.Y. 2010) ................................................. 11

*Silas v. Home Box Office*,
  201 F. Supp. 3d 1158 (C.D. Cal. 2016) ..................................... 12, 13, 14

*Three Boys Music Corp. v. Bolton*,
  212 F.3d 477 (9th Cir. 2000) .............................................................. 5, 7

*UAB "Planner 5D" v. Facebook, Inc.*,
  2019 WL 6219223 (N.D. Cal. Nov. 21, 2019) ....................................... 4

*Washington v. ViacomCBS*,
  2020 WL 5823568 (C.D. Cal. Aug. 20, 2020)....................................... 9

*Zella v. EW Scripps Co.*,
  529 F. Supp. 2d 1124 (C.D. Cal. 2007) ................................................. 7

**Statutes**

17 U.S.C.
  § 101.................................................................................................... 4
  § 102.................................................................................................... 8
  § 411.................................................................................................... 4

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Jennifer Sendzul claims that the 2013 film *The Hot Flashes* (the "Film") infringes her purported screenplay *What Men Want And What Women Are Prepared To Give* (the "Screenplay") because both works supposedly share a premise broadly focused on health issues experienced by middle-aged women. Plaintiffs' allegations are woefully deficient, from her unfounded theory of access involving a winery that Plaintiff speculates somehow accessed and then provided her Screenplay to the defendants in this action, to her allegations of substantial similarity based on unprotectable ideas and *scenes a faire*.  Even before reaching the substantive elements of her claims, Plaintiff fails to allege that she complied with or is exempt from the Copyright Act's pre-filing registration requirement.  As explained below, the complaint fails to state a valid claim for several independent reasons, and it should be dismissed in its entirety.

## II.   FACTUAL BACKGROUND

### A.   The Screenplay

Plaintiff alleges that she submitted the Screenplay to an online screenplay website in September 2008 and a Canadian film festival in 2009.  Compl. ¶¶ 1, 4-5. The Screenplay allegedly narrates a "woman experiencing the *onset of menopause* and the procedures women endure as they age and become susceptible to issues such as breast and cervical cancer and the early detection thereof."  *Id.* ¶ 14 (emphasis in original).  Plaintiff alleges that the Screenplay's premise is that "men don't always understand these transitory changes brought on by menopause" and therefore the Screenplay's title "plays on the growing chasm between the sexes' physiological needs and reality."  *Id.* ¶ 15.  Plaintiff further alleges that the Screenplay "unfolds" through a female character's various medical procedures that she recounts from a humorous personal perspective, and that the protagonist has a

AMAZON'S MOTION TO DISMISS
4856-5262-7212v.3 0118865-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

friend who is a breast-cancer survivor.  *Id.* ¶¶ 53, 57.  Plaintiff did not attach the Screenplay to the complaint.

Plaintiff alleges that a winery in Canada must have obtained a copy of the Screenplay because it produced a wine named "Hot Flash," which the winery explained was inspired by eight women who "started talking about menopause, the night sweats and the hot flashes." *Id.* ¶¶ 61-62.  Plaintiff speculates that the winery then transmitted the Screenplay to Brooke Shields, an actor in the Film, as the Film was "wrapping up." *Id.* ¶ 65.

**B.      The Film**

*The Hot Flashes* portrays a middle-aged woman, Beth Humphrey, who lives in the town of Burning Bush, Texas, with her husband and daughter.  Declaration of Cydney Swofford Freeman, Ex. 1 at 00:00-4:01.[2]  Beth, who is going through menopause, discovers one day that the town's mobile breast cancer screening unit will soon close unless it is able to raise enough money.  *Id.* at 4:44.  Beth learns that if she raises $25,000 within two months, the unit will remain open.  *Id.* at 7:52.

Beth hatches a mission to raise the funds by assembling former Burning Bush High School basketball champions, all of whom are now middle-aged women, to challenge the high school's current state champions in a series of three games.  *Id.* at 9:42.  Beth rallies several former members to the cause, recruits a team manager and coach, and names the team the "Hot Flashes." *Id.* at 27:02, 28:48, 31:45.  At first, the team struggles physically and personally, but with time, effort, and coaching, the team gradually begins to improve.

The Hot Flashes lose Game 1 but, surprising everyone, win Game 2.  That night, Beth finds out that her husband is cheating on her.  Beth initially does not

---

[2] The Film is incorporated into the complaint by reference.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Concurrent with filing this motion, Amazon is lodging a DVD copy of the Film with the Court and serving a copy on Plaintiff and counsel for Kathy Griffin.  *See* Freeman Decl. ¶ 2; Notice of Lodging.

want to continue on, but her teammates inspire her to play in Game 3.  After a tight game, Beth hits a buzzer beater to win the game for the Hot Flashes.  *Id.* at 1:28:05.  After the game, Beth tells her husband that their marriage is over.  *Id.* at 1:29:51.

### C.   This Lawsuit

On August 17, 2021, Plaintiff filed her complaint for direct, contributory, and vicarious copyright infringement, as well as declaratory relief.  Compl. ¶¶ 104-125.  Though the face of the complaint is unclear as to whether Plaintiff's first cause of action for direct copyright infringement and second cause of action for contributory copyright infringement are against all defendants, Plaintiff clarified to Amazon's counsel during the meet-and-confer process that Plaintiff claims only that Amazon vicariously infringes her copyright.  *See* Freeman Declaration ¶ 3.  Nevertheless, as explained below, vicarious liability cannot exist where there is no direct copyright infringement.  *See* Section V.  Therefore, Amazon moves to dismiss all four claims.

### III.   PLAINTIFF FAILS TO ALLEGE COMPLIANCE WITH THE COPYRIGHT ACT'S REGISTRATION REQUIREMENT

The Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until … registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  The Supreme Court recently clarified that registration of a copyright "is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights."  *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019).  Here, Plaintiff's complaint does not say whether the Screenplay is registered with the United States Copyright Office.  *See Kiely v. Universal Music Grp.*, 2020 WL 4037161, at *4 (C.D. Cal. Mar. 5, 2020) (copyright claim fails because plaintiff "failed to allege that he owns a copyright registration or that an exception to the rule applies").

Nor does Plaintiff allege why she would be exempt from that registration requirement, for example, by alleging sufficient facts showing that the Screenplay is

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

not a United States work.  *UAB "Planner 5D" v. Facebook, Inc.*, 2019 WL 6219223, at *6 (N.D. Cal. Nov. 21, 2019) ("[A] plaintiff must adequately allege that its works are not United States works in order to be exempt from that [Section 411(a) registration] requirement."); *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 556 (S.D.N.Y. 2018) ("[S]hould [Plaintiff] seek to rely on the § 411 registration exemption, it must allege that the works are not United States works within the meaning of § 101.") (citations omitted).  In fact, Plaintiff's allegations suggest that the Screenplay *is* a "United States work" under the Copyright Act 17 U.S.C. § 101 (defining "United States work" for purposes of the pre-suit registration requirement).  Specifically, Plaintiff alleges that the Screenplay was published in September 2008 on the Zoetrope website[3] and acknowledges that it was "reviewed by numerous other writers" on that website.  Compl. ¶ 4.

Because Plaintiff's complaint fails to plead compliance with the Copyright Act's registration requirement or to allege facts showing that the Screenplay is exempt from the requirement, it must be dismissed for this reason alone.

## IV. PLAINTIFF'S DIRECT COPYRIGHT INFRINGEMENT CLAIM FAILS

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," and is met only when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

To avoid dismissal on her cause of action alleging that the Film infringes her purported copyright in the Screenplay, Plaintiff must adequately allege "ownership

---

[3] As Plaintiff alleges, the Zoetrope website was founded by U.S. director Francis Ford Coppola.  Compl. ¶ 3.  The name derives from Coppola's production company "American Zoetrope."  https://www.zoetrope.com/news/164.

AMAZON'S MOTION TO DISMISS
4856-5262-7212v.3 0118865-000001

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of a valid copyright" and "copying of constituent elements of the work that are original." *Feist Publ'ns v. Rural Tel. Serv.*, 499 U.S. 340, 361 (1991).  Without direct evidence of copying, as here, a plaintiff may establish copying by showing (1) "that the defendant had 'access' to the plaintiff's work" and (2) "that the two works are 'substantially similar.'"  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).  Plaintiff has failed to show either access or substantial similarity, and certainly has not showed both.

### A.    Plaintiff Fails to Adequately Plead Access

To show access to an allegedly infringed work, a plaintiff must show that the defendant had a "'reasonable opportunity' or 'reasonable possibility' of viewing the plaintiff's work."  *Three Boys*, 212 F.3d at 482.  Plaintiff may establish access either by showing a "particular chain of events" from the plaintiff's work to the creators of the allegedly infringing work, or by establishing that plaintiff's work was "widely disseminated."  *Id.*

Importantly, even at the motion-to-dismiss stage, access "may not be inferred through speculation or conjecture." *Schkeiban v. Cameron*, 2012 WL 12895721, at *1 (C.D. Cal. July 20, 2012) (dismissing complaint where plaintiff "pleads no facts" and "merely speculates" regarding access).  Instead, a plaintiff must show a "reasonable possibility" of access, which requires more than "a bare possibility." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009) (finding that plaintiff did not plead more than a "bare possibility" of access); *see also Masterson v. Walt Disney Co.*, 2019 WL 2879877, at *5 (C.D. Cal. May 8, 2019), *aff'd*, 821 F. App'x 779 (9th Cir. 2020) (dismissing complaint for failure to adequately allege access).  That reasonable opportunity must be supported by "'significant, affirmative and probative' evidence." *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1054 (C.D. Cal. 2010) (finding plaintiff presented no evidence to support her theory of access).

Courts regularly dismiss complaints in which access through a chain of events is pleaded with no more than speculation and conjecture. For example, in *Schkeiban v. Cameron*, the plaintiff alleged he gave his work to a third party expressly to give to the defendant, and that the third party "'indicated to [plaintiff] that he had given a copy of the work to [defendant].'" 2012 WL 12895721, at *1. The court found that the plaintiff pleaded "no facts showing a chain of events from" the third party to the defendant and further provided "no evidence showing whether their relationship is sufficiently strong to raise a reasonable possibility of access." *Id.* at *2. Instead, the Court held that the plaintiff was "merely speculat[ing] without factual support," and dismissed the complaint for failing to adequately plead access. *Id.* at *1-2; *see also Mintz v. Subaru of Am., Inc.*, 716 F. App'x 618, 621 (9th Cir. 2017) (access not plausibly alleged where complaint was devoid of any specific allegations that defendant viewed any of the allegedly infringed works).

As an initial matter, Plaintiff does not allege that the Screenplay was "widely disseminated," nor could she. She alleges only that her screenplay was published on the Zoetrope website in 2008 and performed at the WildSound Film Festival in 2009. Compl. ¶¶ 5, 60, 86. Neither posting the Screenplay to one website nor submission to one competition equates "widespread dissemination," which "centers on the degree of a work's commercial success and on its distribution" through relevant mediums. *Loomis v. Cornish*, 836 F.3d 991, 997-998 (9th Cir. 2016) (no finding of access where band merely received airplay on local radio stations and had received limited news coverage). *See also Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1165-1167 (N.D. Cal. 2014), *aff'd sub nom. Briggs v. Sony Pictures Ent.*, 714 F. App'x 712 (9th Cir. 2018) (holding that entering screenwriting competitions and posting drafts online did not constitute evidence of widespread dissemination).

As for Plaintiff's theory of the alleged "chain of events" connecting the Screenplay to the Film, her allegations are nothing more than wild conjecture.

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff claims that in 2009, the Screenplay was read out at the Canadian WildSound Film Festival, and around the same time, the British Columbia-based House of Rose microwinery came up with a line of wines called "Hot Flash." Compl. ¶¶ 5, 60-61.  Notably, Plaintiff does not even allege that the House of Rose winery heard, viewed, or accessed her Screenplay in any way, appearing to imply instead that access was proven because the winery stated that its "Hot Flash" wine was inspired by women sitting around "talking about menopause, the night sweats and the hot flashes." *Id.* ¶ 61.  This is plainly insufficient to show that the winery obtained the Screenplay.

Adding yet another speculative layer, Plaintiff then alleges that the winery somehow was the "transmission link" between the Screenplay and the Film solely on the basis that the Film's star, Brooke Shields, allegedly bought "Hot Flash" wine at the conclusion of the Film's production.  *Id.* ¶ 65.  Moreover, based on Plaintiff's own allegations, this transmission link occurred *as the Film was "wrapping up." Id.* (emphasis added).  It is unclear how the Film could have copied the Screenplay when the alleged access occurred as the Film was wrapping.  These allegations do not establish a plausible chain of events linking the Screenplay to the Film.

Because Plaintiff fails to adequately allege access, her claims fail regardless of whether the works are substantially similar.

### B.   Plaintiff Fails to Adequately Plead Substantial Similarity

In addition to access, Plaintiff must show that the works at issue are substantially similar in their protected expression.  *Three Boys* 212 F.3d at 481. Plaintiff's alleged similarities fall far short of alleging actionable substantial similarity between the works.

### 1.   The Court Must Disregard Unprotectable Elements

To assess substantial similarity on a motion to dismiss, the Ninth Circuit uses the "extrinsic test," which focuses on the works' objective "articulable similarities." *Zella v. EW Scripps Co.*, 529 F. Supp. 2d 1124, 1133 (C.D. Cal. 2007).  Before

assessing similarity, "a court must filter out and disregard the non-protectible elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). Indeed, courts "may place *no* reliance upon any similarity in expression resulting from unprotectable elements." *Apple v. Microsoft*, 35 F.3d 1435, 1446 (9th Cir. 1994) (emphasis in original).

In particular, "the general idea for a story" and "all situations and incidents which flow naturally from a basic plot premise," also known as *scenes a faire*, must be filtered out prior to the substantial similarity assessment. *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985). *See also* 17 U.S.C. § 102(b) (ideas are not copyrightable). For example, in *Shame on You Productions v. Banks*, 120 F. Supp. 3d 1123, 1151 (C.D. Cal. 2015), *aff'd*, 690 F. App'x 519 (9th Cir. 2017), the Ninth Circuit affirmed a dismissal for lack of substantial similarity after disregarding similarities flowing from the works' shared premise, such as "[g]etting drunk, spending a 'one-nighter' with someone you just met, waking up disoriented the next morning at the individual's house or apartment, and putting on the clothes worn the night before." Similarly, in *Gilbert v. New Line Productions*, 2010 WL 5790628 (C.D. Cal. Aug. 13, 2010), *aff'd*, 490 F. App'x 34 (9th Cir. 2012), the court recognized that both works at issue – a screenplay and the box office hit *Monster In Law* – featured mothers that would:

> incessantly call their sons, fake illnesses to draw their sons away, bring back their sons' ex-girlfriends, and hire a private investigator to search into [the current girlfriends'] past. They also do their sons' laundry and live in the same building as their sons. Both [girlfriends] seek advice from friends and therapists as they struggle with the mothers in law. There are also some shared generic themes of family, relationships, and love, as well as a similar narrative pace.

*Id.* at *9. The court found that most of the works' alleged similarities "flow[ed] from the screenplays' shared generic plot of mothers who scheme to derail their sons' pending marriage to women who the mothers disapprove of," and accordingly, had to be filtered out. *Id.*

Courts also routinely filter out generic or common elements before analyzing for substantial similarity. *See, e.g.*, *Washington v. ViacomCBS*, 2020 WL 5823568, at *2, 4 (C.D. Cal. Aug. 20, 2020) ("[I]nvestigations into the disappearance of a young woman or teenage girl," "that paparazzi would surround and photograph a celebrity," and "that friends or family might take advantage of a famous protagonist" were unprotectable as "common tropes")*; Fillmore v. Blumhouse Prods.*, 2017 WL 4708018, at *3 (C.D. Cal. July 7, 2017) ("[d]ream sequences" and "[b]ringing the dead back to life" are unprotectable concepts), *aff'd*, 771 F. App'x 756 (9th Cir. 2019). Accordingly, the Court must filter out unprotectable *scenes a faire*, and generic and stock elements, in conducting the extrinsic analysis.

## 2. The Complaint Does Not Sufficiently Allege Substantial Similarity

Once unprotectable elements are filtered out, courts must then compare the objective, "specific expressive elements" of the works at issue: "the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events." *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994).

Because Plaintiff has not provided the Screenplay itself, her complaint must sufficiently plead substantial similarity of the works' specific protectable elements. *Esplanade Productions v. Walt Disney Co.*, 2017 WL 5635024, at *1 (C.D. Cal. July 11, 2017), is instructive: rather than attach the work at issue, the plaintiff instead "describe[d] the alleged similarities at such a high level of generality that it [was] impossible for the Court to evaluate whether the alleged copying was sufficiently specific to be protectable or merely a series of unprotectable *scenes a faire*." The court accordingly held that "[t]he allegations thus fail[ed] to state a claim," and dismissed the complaint. *Id.* at *1, 10. *See also Masterson*, 2019 WL 1581400, at *7 (plaintiff failed to allege substantial similarity where plaintiff neither attached the work at issue nor alleged in the complaint "the plot, themes, dialogue, mood, setting pace, characters, and sequence of events" of her work "in sufficient detail to ascertain whether it is substantially similar" to defendants' work).

Here, the complaint includes only a few purported similarities between the Screenplay and the Film.  *See* Compl. ¶¶ 62-63, 82, 86-90.  Like in *Esplanade*, even fully crediting Plaintiff's list of alleged similarities reveals unprotectable elements that cannot possibly constitute substantial similarity.  2017 WL 5635024, at *1.  In fact, Plaintiff herself even repeatedly distinguishes the works, further undercutting her allegations.

### a.    Plot and Sequence of Events

The alleged similarities between the works' plots are entirely *scenes a faire* or otherwise unprotectable and generic elements in film and television, many of which are based in reality.

Plaintiff does not appear to allege any specific plot similarities between the Screenplay and the Film.  In fact, she even expressly recognizes that the alleged plot of her Screenplay, which involves a friend "surviv[ing] breast cancer and urg[ing] the protagonist to get a mammogram," is distinguishable from the Film, which incorporates the "thematic use of a 'grouping of women'" and depicts Beth's mission to save a "fictitious town's mammography unit" through basketball after her friend dies of breast cancer.  Compl. ¶ 89.  Instead, Plaintiff points to a few allegedly similar scenes that are comprised entirely of unprotectable elements focusing on aging women's health and menopause.  For example, Plaintiff alleges similarities between a scene in her Screenplay in which the Screenplay's protagonist, Sofia, searches on Google for information about "breast cancer, menopause, and related issues" while conducting a breast self-exam, and a brief scene in the Film where the main character Beth leafs through a copy of "Menopause for Dummies."  *Id*. ¶ 87; Freeman Decl. Ex. 1 at 3:53.[4]

---

[4] As another example, Plaintiff alleges that Sofia "continuously experienc[es]" side effects from menopause, such as "daily hot flushes and night sweats resulting in sleepless nights," and that Beth also experiences similar side effects.  Compl. ¶ 88.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The works' allegedly shared premise of women experiencing menopause symptoms is an unprotectable "basic plot premise." *Benay v. Warner Bros. Ent.*, 607 F.3d 620, 625 (9th Cir. 2010) ("basic plot premise" of "an American war veteran [who] travels to Japan in the 1870s to train the Imperial Army in modern Western warfare" was unprotectable); *Nobile v. Watts*, 747 F. App'x 879, 881 (2d Cir. 2018) ("[T]he premise of 'a childless couple providentially finding a motherless baby in a boat washed up on an island and deciding to keep the baby' is an unprotectible 'idea.'"); *Sheldon Abend Revocable Trust v. Spielberg*, 748 F. Supp. 2d 200, 208 (S.D.N.Y. 2010) ("broad plot idea, or premise" of "male protagonist, confined to his home, who spies on neighbors to stave off boredom and, in so doing, discovers that one of his neighbors is a murderer" and is then "himself discovered by the suspected murderer, is attacked by the murderer, and is ultimately vindicated" was "not a protectible element"). Moreover, elements that flow from that unprotectable premise are themselves unprotectable, including researching menopause or dealing with the physical, mental, and social challenges of aging.

Beyond the allegedly shared premise of middle-aged women facing menopause, Plaintiff also alleges that the works share the premise of a cheating husband. Compl. ¶ 90. Here too, Plaintiff points out the differences between the works, noting that in her Screenplay, the protagonist's friend Bella walks out on her husband, while in the Film, the protagonist Beth's husband claims he left his mistress, when in fact, his mistress left him. *Id.*; *see also* Freeman Decl. Ex. 1 at 1:29:51. Even setting aside these differences in expression, the story of a "cheating husband" is again an unprotectable "basic plot premise" found in countless works about relationships. *Hayes v. Minaj*, 2013 WL 11328453, at *7 (C.D. Cal. Mar. 7, 2013) (scenes involving a "love triangle," break-ups, and reconciliations are "basic ideas or *scenes a faire* that naturally flow from the premise of unfaithful men cheating on their partners or mistresses").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The Screenplay and Film tell very different stories.  The few allegedly similar plot elements identified in Plaintiff's complaint are all unprotectable and must be filtered out in deciding whether Plaintiff plausibly alleged substantial similarity.[5] Beyond those unprotectable allegations, the complaint entirely fails to describe how the specific expression of the works' plots are similar.

### b.  Theme

"A work's theme is its overarching message," and "there is no protection for stock themes or themes that flow necessarily from a basic premise."  *Silas v. Home Box Office*, 201 F. Supp. 3d 1158, 1180 (C.D. Cal. 2016), *aff'd*, 713 F. App'x 626 (9th Cir. 2018).

Plaintiff alleges that the Film and Screenplay share several related themes, all of which flow naturally from the works' unprotected premise around female aging and friendship and are therefore unprotectable: (1) the "theme of life changing medical situations and how women of diverse backgrounds adapt to it," Compl. ¶¶ 59-60; (2) the broad theme of "menopause", *id*. ¶ 60; and (3) the theme of "women's lives, coming together … wrapped in a mixture of comedy and dramatic moments known in writing parlance as a 'Dramedy,'" *id*. ¶ 80.

These themes flow naturally from the unprotectable premise of a woman approaching middle age who is forced to confront the realities of menopause. Moreover, to the extent both works explore any shared themes of aging and female friendship, they do so in very different ways.  The Screenplay, as best can be discerned from the complaint, tells the story of a woman humorously recounting various medical procedures to a friend who is a breast-cancer survivor and others.

---

[5] Tellingly, Plaintiff asserts that two completely different works – the Film and a short sketch by defendant Kathy Griffin – infringe the Screenplay even though the Film and the sketch have nothing in common except possibly the general concept of women's health.  *See* Compl. ¶ 9-11.  The suggestion that these very different works simultaneously infringe the Screenplay reveals that Plaintiff is attempting to monopolize mere ideas and general concepts, which she cannot do under well-established law.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

By contrast, the Film brings a group of middle-aged women together to honor their deceased friend's legacy by playing in a series of basketball games while facing their own personal and social trials.  The exploration of these themes in the two works could not be more different, and while menopause and aging is certainly part of the Film's thematic matter, it is not the only, or even central, theme of the work. *Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1079-1080 (9th Cir. 2006) (despite broad thematic similarities of "death, relationships, and sex," no substantial similarity where those themes were explored in distinct fashion).

### c.    Characters

"In determining whether characters are similar, a court looks at the totality of the characters' attributes and traits as well as the extent to which the defendants' characters capture the total concept and feel of the figures in the plaintiff's work." *Shame on You Prods.*, 120 F. Supp. 3d at 1164 (internal brackets and quotation marks omitted).  As part of this analysis, courts also analyze characters' "noticeable" (*Silas v. HBO*, 201 F. Supp. 3d 1158, 1177 (C.D. Cal. 2016), *aff'd* 713 F. App'x 626 (9th Cir. 2018)) or "material" (*Benjamin v. Walt Disney Co.*, 2007 WL 1655783, at *6 (C.D. Cal. 2007)) differences.  Plaintiff alleges similarities between two pairs of characters across the Screenplay and the Film. But Plaintiff's alleged similarities are no more than unprotectable *scenes a faire* and generic elements.

Plaintiff alleges that the two couples, Sofia and Tom in the Screenplay, and Beth and Lawrence in the Film, are "parallel characters."  Compl. ¶ 82.  But Plaintiff does not point to any similarities between the characters, except possibly that both Screenplay's protagonist Sofia and the Film's protagonist Beth experience menopause symptoms.  *Id.* ¶ 88.  As discussed above, however, this trait flows from the idea of women experiencing menopause.  Plaintiff alleges no other character similarities.  From what Plaintiff has excerpted from her Screenplay, we know nothing meaningful about the background, personalities, relationships, or

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

experiences of any of her characters.  By contrast, the Film features a cast of several fully realized women with unique backstories who come together as a basketball team that binds them even closer as friends.

On the whole, the minimal and conclusory allegations regarding the alleged similarities between the works' characters do not support an adequately pleaded claim of substantial similarity.

### d. Setting

Plaintiff's complaint does not provide the setting of her Screenplay. The excerpted portions take place in generic locations, such as a gynecologist's office, kitchens, bedrooms, and restaurants.  Compl. ¶¶ 69, 86-89.  Plaintiff alleges similarity in setting between a scene from the Screenplay in which two women drink copious amounts of wine together and a completely unrelated anecdote from the House of Rose winery describing the origin of "Hot Flash" wine, which has nothing to do with the Film.  *Id*. ¶¶ 61-63.

By contrast, the Film is set in the small town of Burning Bush, Texas, with several distinctive locations, such as a church, a high school, and a car dealership. Plaintiff fails to allege substantial similarity between the works' settings.

### e. Dialogue

"[F]or a plaintiff to demonstrate substantial similarity of dialogue, it must show 'extended similarity of dialogue.'"  *Silas*, 201 F. Supp. 3d at 1181 (quoting *Olson v. Nat'l Broad. Co.*, 855 F.2d 1446, 1450 (9th Cir. 1988)).  *See Gallagher v. Lions Gate Ent*, 2015 WL 12481504, at *10 (C.D. Cal. Sept. 11, 2015) (three instances of similar dialogue could not demonstrate "extended similarity").

The complaint alleges only one snippet of dialogue that is allegedly similar, but here too, that dialogue is apparently shared between the Screenplay and the House of Rose "Hot Flash" wine origin story, *not* any dialogue from the Film. Compl. ¶ 61.  Plaintiff alleges that the winery's description of the origin of its "Hot Flash" wine, *i.e.* women talking about "menopause, the night sweats and the hot

AMAZON'S MOTION TO DISMISS
4856-5262-7212v.3 0118865-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

flashes," is similar to a scene from the Screenplay in which two ladies get tipsy over wine (although that scene does not mention hot flashes or menopause-related symptoms), and another scene in which a man calls Sofia "old madam hot flashes." *Id*. ¶¶ 63-64.  These allegations are totally irrelevant to the Film.

### f.   Mood and Pace

Other than conclusorily reciting that the Screenplay and Film share a similar "mood" and "pace," Plaintiff makes no specific allegations on this front.  She merely states that certain unnamed "key phrases and words" central to the "mood" of the Screenplay are "contained" in the Film.  Compl. ¶ 86.  This is insufficient to show any similarity in these elements.

## V.   PLAINTIFF'S SECONDARY LIABILITY CLAIMS LIKEWISE FAIL

To the extent Plaintiff alleges contributory and vicarious infringement claims against Amazon, both of those claims fail because Plaintiff fails to adequately allege that the Film infringes the Screenplay.  *See Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.") (internal quotation marks omitted).  This is true whether or not Plaintiff intended to assert a direct infringement claim against Amazon.  *See MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 941 (9th Cir. 2010) (explaining that secondary copyright infringement "requires the existence of direct copyright infringement"), *opinion amended and superseded on denial of reh'g*, 2011 WL 538748 (9th Cir. Feb. 17, 2011).

Moreover, the complaint fails to allege the required elements of contributory and vicarious infringement against Amazon.  As to contributory infringement, Plaintiff must show that Amazon had "knowledge of a third party's infringing activity" and "induces, causes or materially contributes to the infringing conduct." *Fodor v. L.A. Unified Sch. Dist.*, 2014 WL 12235424, at *14 (C.D. Cal. June 3, 2014) (quoting *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2007)).  The knowledge requirement is satisfied if the plaintiff plausibly alleges "actual knowledge" or that the defendant had "reason to know" of direct infringement.  *Id.*  As for vicarious infringement, Plaintiff must show that Amazon had "the right and ability to control" the allegedly infringing activity and (2) that it derived "a direct financial benefit" from the alleged infringement.  *MDY Indus., LLC*, 629 F.3d at 938.  The complaint lacks these allegations.

## VI.    CONCLUSION

Plaintiff fails to allege that she has satisfied, or is exempt from, the Copyright Act's pre-suit registration requirement.  Moreover, Plaintiff does not plausibly plead access or substantially similar protected expression between the Screenplay and Film.  Accordingly, Amazon respectfully requests that the Court dismiss the complaint in its entirety.

DATED: March 16, 2022              Respectfully submitted,

                                   DAVIS WRIGHT TREMAINE LLP
                                   NICOLAS A. JAMPOL
                                   CYDNEY SWOFFORD FREEMAN
                                   MEENAKSHI KRISHNAN (*pro hac vice*)

                                   By:    /s/ Cydney Swofford Freeman
                                          Cydney Swofford Freeman

                                   Attorneys for Defendants
                                   AMAZON.COM, INC.; AMAZON.COM
                                   SERVICES LLC; NINA HENDERSON
                                   MOORE; NETFLIX, INC.; and NETFLIX
                                   STREAMING SERVICES, INC.