UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 21-06894-RGK (KS) | Date | April 1, 2022 |
|---|---|---|---|
| Title | *Jennifer LM Sendzul v. Jay C Hoag et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant Kathy Griffin's Motion to Dismiss [DE 52]

## I. INTRODUCTION

On August 17, 2021, Jennifer LM Sendzul ("Plaintiff") filed a Complaint against various individuals and entities associated with the film *The Hot Flashes*, as well as comedian Kathy Griffin ("Griffin"). Plaintiff alleges: (1) copyright infringement; (2) contributory copyright infringement; and (3) vicarious copyright infringement, and seeks both damages and declaratory relief.

Presently before the Court is Griffin's Motion to Dismiss. (ECF No. 52.) For the following reasons, the Court **GRANTS** Griffin's Motion.

## II. FACTUAL BACKGROUND

The following facts are alleged in the Complaint, unless otherwise noted:

Plaintiff is an independent screenwriter. Since 2006, Plaintiff has submitted her works to Zoetrope, an online platform that allows aspiring screenwriters to submit their works and receive feedback from other community members. In September 2008, Plaintiff submitted her screenplay titled "What Men Want And What Women Are Prepared To Give" (the "Screenplay") to Zoetrope. The Screenplay, based on Plaintiff's own life experiences, focuses on women's health issues and follows the main character as she experiences the onset of menopause and receives a pap smear and mammogram. The Screenplay also discusses the importance of the early detection of breast and cervical cancer.

In 2009, Plaintiff also submitted her Screenplay to the WildSound Film Festival ("WildSound")—a festival headquartered in Canada with satellite viewings in Los Angeles and New York. Plaintiff alleges that shortly after WildSound, a man, identifying himself only as a producer,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06894-RGK (KS) | Date | April 1, 2022 |
|---|---|---|---|
| Title | *Jennifer LM Sendzul v. Jay C Hoag et al* | | |

called to inquire about the Screenplay. Plaintiff contends that as early as 2010, certain defendants to this action shared and subsequently extracted components of the Screenplay to use in Griffin's sketch "Pap Smear," which aired on Bravo TV. Moreover, Plaintiff alleges that "seemingly out of the blue," Griffin began incorporating aspects of women's health into her sketches. (Compl. ¶ 98.)

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV. DISCUSSION

Griffin argues that the Court should dismiss the claims against her because, *inter alia*, Plaintiff's Complaint fails to state a claim for copyright infringement. This is because, according to Griffin, the alleged similarities between the two works are simply general plot ideas rather than protectable elements of self-expression. The Court agrees.[1]

---

[1] Griffin also argues that the claim against her is time-barred and that Plaintiff has not properly registered her copyright. Because the Court finds that Plaintiff fails to state a claim, it declines to address these ancillary arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06894-RGK (KS) | Date | April 1, 2022 |
|---|---|---|---|
| Title | *Jennifer LM Sendzul v. Jay C Hoag et al* | | |

To state a claim for copyright infringement, Plaintiff must allege facts showing that: (1) Plaintiff owns a valid copyright; and (2) that Griffin copied protected aspects of Plaintiff's work. *Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) ("*Skidmore*"). When analyzing the second prong of a copyright claim, a court must consider whether the Plaintiff has alleged facts indicating that the defendant made an "unlawful appropriation" of her work. *Id.* A defendant "unlawfully appropriates" the work only if the two works share "*substantial* similarities." *Id.* (emphasis in original). In analyzing whether substantial similarities exist, courts apply an "extrinsic test" and an "intrinsic test." *Id.* While the intrinsic test may not be addressed at the pleadings stage, the plaintiff must show substantial similarity under *both* tests in order to satisfy the "substantially similar" inquiry as a whole—in other words, a failure to satisfy the extrinsic test destroys the claim. *Id; see also Kouf v. Walt Disney Pictures & TV*, 16 F.3d 1042, 1045 (9th Cir. 1994) ("[A] plaintiff who cannot satisfy the extrinsic test necessarily loses . . . because [there is no] substantial similarity without evidence on both the extrinsic and intrinsic tests.").

The extrinsic test is "an objective test based on specific expressive elements" focusing on "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events in two works." *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010), *overruled on other grounds by Skidmore*, 952 F.3d 1051 (9th Cir. 2020). In analyzing similarities, courts are not concerned with "non-protectable" elements, such as general plot ideas and scenes-a-faire.[2] *See id.* at 629; *see also Cavalier v. Random House, Inc.*, 297 F.3d 815, 825 (9th Cir. 2002). Courts instead inquire into whether the "protect[able] elements, standing alone, are substantially similar." *Id.* (internal quotations omitted). That is, the test focuses on "the actual concrete elements that make up the total sequence of events and the relationships between the major characters." *Narell v. Freeman*, 872 F.2d 907, 912 (9th Cir. 1989) (quotations omitted). Accordingly, if "all similarities in expression arise from use of common ideas, then no substantial similarity can be found." *Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020).

Plaintiff's allegations show nothing more than a similarity in common themes and general ideas relating to women's health concerns, specifically those involving the pap smear medical procedure. Plaintiff alleges that her Screenplay and Griffin's "Pap Smear" sketch both discuss "women's health issues" and show a pap smear while using "light-hearted" and "quick-witted dialogue." (Compl. ¶¶ 9, 10, 53, 67, 68, 98.) But "women's health" is an idea far too "general to be protected." *Cavalier*, 297 F.3d at 828. Moreover, a pap smear is a generic and common medical procedure that would naturally flow from a work premised on women's health and therefore is not protectable. *Benay*, 607 F.3d at 624–

---

[2] "Scenes-a-faire" are "situations and incidents that flow necessarily or naturally from a basic plot premise." *Benay*, 607 F.3d at 624–25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06894-RGK (KS) | Date | April 1, 2022 |
|---|---|---|---|
| Title | *Jennifer LM Sendzul v. Jay C Hoag et al* | | |

25. And to the extent that Plaintiff argues that Griffin copied her "light-hearted" and "quick-witted" dialogue," "generic parallels in overall tone do not rise to the level of substantial similarity." *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1176 (9th Cir. 2003), *overruled on other grounds by Skidmore*, 952 F.3d 1051 (9th Cir. 2020). These allegations demonstrate no similarities between *protectable* elements—the plot, themes, dialogues, mood, setting, pace, characters, or sequence of events within the two works. At most, the two works share "similarities in either abstract terms or in a most-general sense," and cover "similar topics." *DuMond v. Reilly*, 2021 U.S. Dist. LEXIS 37241, at *45–46 (C.D. Cal. Jan. 14, 2021). In other words, they only share non-protectable similarities.

Having alleged no substantial similarity in protectable elements, and therefore failing to clear the bar of the extrinsic test, Plaintiff "necessarily loses." *Kouf*, 16 F.3d at 1045. Her claims against Griffin seem to be the result of "that obsessive conviction, so common among authors and composers, that all similarities between their works and any others which appear later must inevitably be ascribed to plagiarism." *Litchfield v. Spielberg*, 736 F.2d 1352, 1358 (9th Cir. 1984). To the extent Griffin's Pap Smear sketch is similar to Plaintiff's Screenplay, the similarities, as alleged in the Complaint, are superficial. Unable to show that Griffin copied protectable aspects of her work, Plaintiff has failed to state a claim against Griffin.

### V.      CONCLUSION

For the foregoing reasons, the Court **GRANTS** Griffin's Motion to Dismiss.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/a |