1  NICOLAS A. JAMPOL (State Bar No. 244867)
     nicolasjampol@dwt.com
2  CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
     cydneyfreeman@dwt.com
3  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
4  Los Angeles, California  90017-2566
   Telephone:  (213) 633-6800
5  Fax:  (213) 633-6899

6  MEENAKSHI KRISHNAN (*pro hac vice*)
     meenakshikrishnan@dwt.com
7  DAVIS WRIGHT TREMAINE LLP
   1301 K Street NW, Suite 500 East
8  Washington, D.C. 20005
   Telephone:  (202) 973-4200
9  Fax:  (202) 973-4499

10 Attorneys for Defendants
11 AMAZON.COM, INC.; AMAZON.COM
   SERVICES LLC; NINA HENDERSON
12 MOORE; NETFLIX, INC.; NETFLIX
   STREAMING SERVICES, INC.; JAY HOAG;
13 MICHAELA HOAG; and LAURIE LACOB

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER LM SENDZUL, independent screenplay writer,<br><br>Plaintiff,<br><br>vs.<br><br>JAY C HOAG, an individual; KNIGHTS CAPITAL 111 LLC., is a California Limited Liability Company; MICHAELA HOAG an individual; LAURIE K LACOB an individual; BRADFORD S. HENNIG an individual; NINA HENDERSON MOORE an individual; NETFLIX INC., is a Delaware corporation; NETFLIX STREAMING SERVICES INC., is a Delaware Corporation VERTICAL ENTERTAINMENT LLC., is a California Limited Liability Company., AMAZON.COM INC ., is a Delaware corporation; AMAZON DIGITAL SERVICES LLC., is a Delaware Limited Liability Company; KATHY GRIFFIN an individual; DARYL HANNAH an individual; BROOKE C. SHIELDS an individual; VIRGINIA MADSEN an individual,<br><br>Defendants. | Case No.: 2:21-cv-06894-RGK-KS<br><br>**REPLY IN SUPPORT OF FILM DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:  April 18, 2022<br>Time:  9:00 a.m. |

## I. INTRODUCTION

Plaintiff's (late-filed) opposition fails to meaningfully address the arguments and extensive case law in support of the Film Defendants'[1] motion to dismiss. Instead, Plaintiff focuses on irrelevant asides, doubles down on a wildly speculative and highly implausible theory of access, and fails to identify a single similarity of protected expression between her Screenplay and the Film. Plaintiff also raises new arguments and *even new works* for the first time in her opposition. These cannot salvage her complaint, which is defective for several independent reasons and should be dismissed in its entirety.

## II. PLAINTIFF DOES NOT ALLEGE COMPLIANCE WITH OR EXEMPTION FROM THE REGISTRATION REQUIREMENT

Plaintiff must allege that the Screenplay is registered with the U.S. Copyright Office prior to bringing suit, *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019), *or* allege facts that, if taken as true, show why she would be exempt from that registration requirement by alleging that the Screenplay is "not [a] United States work[]." *UAB "Planner 5D" v. Facebook, Inc.*, 2019 WL 6219223, at *6 (N.D. Cal. Nov. 21, 2019). *See* Mot. at 3-4. Plaintiff does neither.

Plaintiff does not allege that she registered the Screenplay with the Copyright Office. *See generally* Compl.; Dkt. 102 ("Opp."). Instead, Plaintiff's opposition argues that because she is a resident of Andorra, which acceded to the Berne Convention, and because she "fixed" the Screenplay on her computer hard drive in Andorra, she is exempt from Section 411(a)'s registration requirement. *See* Opp. at 6. This argument conflates separate issues of copyright law. Facts related to fixation are relevant to whether a work may be subject in the first instance to

---

[1] Amazon.com, Inc., Amazon.com Services LLC, Netflix, Inc., Netflix Streaming Services, Inc., Nina Henderson Moore, Jay Hoag, Michaela Hoag, and Laurie Lacob. Amazon.com, Inc. and Amazon.com Services LLC ("Amazon") initially moved to dismiss the complaint, *see* Dkt. 77 ("Mot."), and the remaining Film Defendants filed notices of joinder to that Motion, *see* Dkt. 90, 92, 100.

1
REPLY IN SUPPORT OF FILM DEFENDANTS' MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

copyright protection under Berne, but *not* to whether a work would be considered a non-United States work pursuant to 17 U.S.C. § 101.

Whether a work is considered a United States work for the purposes of determining whether a plaintiff is exempt from the Copyright Act's registration requirement turns on facts surrounding the work's first *publication*, not its *fixation*. *Id.* (defining a work as a "United States work" if it is "first published … in the United States" or simultaneously in the United States and a treaty party with the same or longer protection term).[2] Plaintiff's allegations regarding the Screenplay's initial publication suggest that the Screenplay is a "United States work" subject to the registration requirement. *See* Compl. ¶¶ 3-4 (alleging that she first published the Screenplay in 2008 by submitting it to the U.S.-based "Zoetrope website," "an interactive platform created by [American director] Francis Ford Coppola").

### III.   PLAINTIFF'S ACCESS THEORY IS NOT PLAUSIBLE

Copyright plaintiffs must plausibly plead that defendants had a "'reasonable opportunity' or 'reasonable possibility' of viewing [their] work," either by showing the work was "widely disseminated" or by alleging a "particular chain of events" between their work and defendants. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). *See Schkeiban v. Cameron*, 2012 WL 12895721, at *1 (C.D. Cal. July 20, 2012) (dismissing complaint where plaintiff "merely speculates" regarding access); Mot. at 5-7.

Rather than engage with the case law in the Film Defendants' motion, Plaintiff's opposition instead doubles down on her specious theory involving a Canadian film festival, a winery, and Brooke Shields ordering a case of wine to celebrate the Film's premiere. Opp. at 9-10. To start, Plaintiff seems to allege that having her Screenplay read at the 2009 WildSound film festival in Canada

---

[2] Andorra's copyright term parallels the United States' – life plus 70 years. *See* Law on Copyright and Neighboring Rights (Andorra), Ch. I Art. 18 (English translation at https://wipolex.wipo.int/en/text/490209); 17 U.S.C. § 302(a).

2
REPLY IN SUPPORT OF FILM DEFENDANTS' MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

constituted widespread dissemination because the festival "is widely accessible to public audiences" and is on the entertainment industry's "radar." Opp. at 9. But determining "widespread dissemination" involves assessing the "degree of a work's commercial success and [] its distribution" through relevant media. *Loomis v. Cornish*, 836 F.3d 991, 997-998 (9th Cir. 2016) (no finding of access where band received airplay on local radio stations and had received limited news coverage). A screenplay being considered at one Canadian film festival does not constitute widespread dissemination of that screenplay. *See Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1165-1167 (N.D. Cal. 2014) (entering screenwriting competitions and posting drafts online did not constitute evidence of widespread dissemination), *aff'd sub nom. Briggs v. Sony Pictures*, 714 F. App'x 712 (9th Cir. 2018).

Unable to show widespread dissemination, Plaintiff must plausibly plead a "particular chain of events" from the Screenplay to the Film's creators. *Three Boys*, 212 F.3d at 482. Plaintiff's opposition rehashes the incredible theory outlined in her complaint. First, Plaintiff alleges that the Screenplay "created a stir" at the 2009 WildSound film festival in Canada. Opp. at 9. Next, she alleges that a winery released a 2010 vintage dubbed Hot Flash. *Id.* (Notably, she does *not* allege the winery heard, viewed, or accessed her Screenplay in any way.) Then, she alleges that "an unidentified person in New York apparently knew that The Hot Flashes film was wrapping up" and "seemingly advise[d]" Brooke Shields about the Hot Flash wine, which Shields then ordered. *Id.*

Plaintiff's conjecture falls far flat of the "'significant, affirmative and probative' evidence" required to support any theory of access. *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1054 (C.D. Cal. 2010). And even if these wholly unsupported and speculative allegations were credited as true, they *still* fail to show even the most basic connection between Plaintiff's Screenplay and the Film. Among the most glaring of the many problems is her allegation that the Film's star Brooke Shields purchased the Hot Flash wine – the supposed

REPLY IN SUPPORT OF FILM DEFENDANTS' MOTION TO DISMISS

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"transmission link," Compl. ¶ 65 – *at the conclusion of filming*. Compl. ¶ 65 (Shields purchased cases of the wine "as the film is wrapping up").

Because Plaintiff entirely fails to adequately allege access, her complaint must be dismissed.

## IV. THE COURT MAY DISMISS FOR LACK OF SUBSTANTIAL SIMILARITY AS A MATTER OF LAW

Copyright plaintiffs must show that the works are substantially similar in their protected expression. *Three Boys*, 212 F.3d at 481. In addressing the Film Defendants' argument that Plaintiff fails to adequately plead substantial similarity, she first proffers that dismissal for lack of substantial similarity is "frowned on" and that "it is critical the court has the benefit of expert analysis of the works' extrinsic elements." Opp. at 4. These assertions ignore that courts in this district *routinely* engage in the extrinsic test at the pleadings stage and grant motions to dismiss for lack of substantial similarity – necessarily without expert testimony – and they are *routinely* affirmed for doing so.[3]

Moreover, Plaintiff fails to allege any particular expert testimony or other discovery she believes would be relevant to the substantial similarity analysis, because there is none.[4] Neither expert testimony nor discovery would change that

---

[3] *See, e.g.*, *Rentmeester v. Nike*, 883 F.3d 1111, 1115 (9th Cir. 2018); *Carlini v. Paramount Pictures*, 2022 WL 614044, at *2 (9th Cir. Mar. 2, 2022); *Masterson v. Walt Disney Co.*, 821 F. App'x 779, 780 (9th Cir. 2020); *Fillmore v. Blumhouse Prods.*, 771 F. App'x 756, 756-757 (9th Cir. 2019); *Esplanade Prods., Inc. v. Walt Disney Co.*, 768 F. App'x 732, 733 (9th Cir. 2019); *Abdullah v. Walt Disney Co.*, 714 F. App'x 758, 759 (9th Cir. 2018); *Silas v. HBO*, 713 F. App'x 626, 627 (9th Cir. 2018); *Shame on You Prods. v. Banks*, 690 F. App'x 519, 520 (9th Cir. 2017); *Heusey v. Emmerich*, 692 F. App'x 928, 929 (9th Cir. 2017); *Basile v. Warner Bros.*, 678 F. App'x 604, 604-605 (9th Cir. 2017); *Schkeiban v. Cameron*, 566 F. App'x 616, 617 (9th Cir. 2014); *Segal v. Rogue Pictures*, 544 F. App'x 769, 770 (9th Cir. 2013); *Gilbert v. New Line Prods.*, 490 F. App'x 34, 36-37 (9th Cir. 2012).

[4] The opposition invokes an overturned opinion to suggest that if discovery bore out her theory of access, the trier of fact "could easily infer that the many similarities between [the two works] were the result of copying, not mere coincidence." Opp. at 2 (quoting *Metcalf v. Bochco*, 294 F.3d 1069, 1075 (9th Cir. 2002)). The Ninth Circuit overruled *Metcalf* and other cases relying on the "inverse ratio rule," which required "a lower standard of proof of substantial similarity when a high degree of access is shown," and instead found that access has no part in the

4
REPLY IN SUPPORT OF FILM DEFENDANTS' MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the alleged similarities constitute unprotectable ideas, *scenes a faire*, and generic elements, and do not rise to the level of substantial similarity as a matter of law. *See* Mot. at 10-15; *see also Benay v. Warner Bros. Entm't*, 607 F.3d 620, 625 (9th Cir. 2010) (no substantial similarity as a matter of law despite numerous alleged similarities and a lower burden due to inverse-ratio rule); *Funky Films v. Time Warner*, 462 F.3d 1072, 1077-1078, 1081-1082 (9th Cir. 2006) (same). Plaintiff cannot survive dismissal simply by proclaiming that she needs expert testimony.

Plaintiff also claims that the Film is an allegedly infringing derivative of the Screenplay. Opp. at 10-11. But the Ninth Circuit has made clear that "a work will be considered a derivative work *only if it would be considered an infringing work*." *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984) (emphasis in original); *see also Schwartz v. Paramount Pictures Corp.*, 2021 WL 779063, at *3 (C.D. Cal. Feb. 26, 2021) (plaintiffs alleging defendants have created an unauthorized derivative work must plead and show "proof of substantial similarity – the same standard used to determine infringement") (citing *Litchfield*, 736 F.2d at 1357). To escape dismissal, Plaintiff must plausibly plead that the works are substantially similar, regardless of whether she claims the Film is a derivative work.

## V. PLAINTIFF HAS NOT SHOWN SUBSTANTIAL SIMILARITY

The motion analyzed at length why the few alleged similarities between the works are unprotectable, Mot. at 9-15, but Plaintiff hardly marshals a response. She fails to address how the works' alleged similarities are anything more than unprotectable elements, and instead highlights elements that are *different*. Her argument even implicitly acknowledges that the works as a whole are dissimilar: she alleges that the Film has "rearrang[ed]" all the Screenplay's elements to "avoid resemblance" to the Screenplay. Opp. at 14.

---

substantial similarity analysis. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1066, 1079 (9th Cir. 2020). Accordingly, even the most fruitful discovery as to access could not save Plaintiff's failure to plausibly plead substantial similarity.

5
REPLY IN SUPPORT OF FILM DEFENDANTS' MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Unable to contest the lengthy list of differences between the two works – many of which Plaintiff concedes – she instead invokes the principle that a court may find substantial similarity where a copied portion is "relatively small" if it is "qualitatively important" to the work. Opp. at 5 (quoting *Swirsky v. Carey*, 376 F.3d 841, 852 (9th Cir. 2004)). In *Swirsky*, the court noted that a distinctive melodic sequence, even if short, could provide the basis for substantial similarity. 376 F.3d at 852. But Plaintiff ignores her burden to allege *what* is qualitatively important about *any* allegedly infringed aspect of her Screenplay, and so she cannot avoid dismissal under that rationale. Plaintiff failed to plausibly plead substantial similarity of any protectable expression between the Screenplay and the Film.

### A. Plot and Sequence of Events

Any alleged plot similarities between the works are entirely *scenes a faire* or otherwise unprotectable and generic elements, many of which are based in reality. *See* Mot. at 10-12. Plaintiff does not meaningfully contest these points. To the contrary, she alleges that the scene in which her protagonist discovers a lump in her breast "was *omitted*" from the Film. Opp. at 12. Other than that scene, which Plaintiff admits has no parallel in the Film, Plaintiff broadly alleges that the plot points of "mammography" and "menopausal phase[s]" in her Screenplay were appropriated by the Film's entirely distinct plotline involving a town's impending mammography unit closure and a group of women forming a basketball team to raise funds to keep it open. As this Court concluded in granting Kathy Griffin's motion to dismiss, general plot points related to "women's health concerns," including "generic and common medical procedure[s]," are unprotectable. Dkt. 104, at 3. Beyond these unprotectable ideas, Plaintiff points to *zero* alleged similarities between the works' plots.[5]

---

[5] Plaintiff also alleges for the first time in her Opposition that the Film allegedly infringes *another work*, the movie *Calendar Girls*. Opp. at 10, 12. Plaintiff asserts no copyright ownership in *Calendar Girls*, so this allegation is irrelevant. Moreover, Plaintiff's contention that the elements she claims were

6
REPLY IN SUPPORT OF FILM DEFENDANTS' MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff incorrectly contends that the Film Defendants failed to discuss sequence of events. Opp. at 12. The Film Defendants described *at length* the Film's plot and the sequence in which it unfolds, Mot. at 2-3, whereas Plaintiff has provided only isolated excerpts from her Screenplay and fails to meaningfully describe in any way the sequence or structure of any plot. Opp. at 12.

**B.  Theme**

Plaintiff wrongly claims that the Film Defendants failed to meaningfully "engage" with the allegedly similar themes between the Film and Screenplay. Opp. at 13. To the contrary, the Film Defendants addressed in detail each of the three allegedly similar themes between the works, explaining that each theme flows naturally from the unprotectable premise of a woman approaching middle age who is forced to confront the realities of menopause. Each theme also, in any event, manifests very differently in each work. *See* Mot. at 12-13. Other than this inaccurate characterization of the Film Defendants' motion, Plaintiff does not address the argument that the allegedly similar themes are unprotectable.

**C.  Characters**

Again, Plaintiff entirely fails to respond to the substance of Film Defendants' arguments that the complaint alleges *no* specific similarities between the characters. *See* Mot. at 13-14. Rather, Plaintiff contends that the Film borrows certain "archetypes," such as "protagonist, antagonist, ally, mentor, conscience character, skeptic" from the Screenplay. Opp. at 12-13. But this is precisely why the characters are not substantially similar. If similarities between characters are no more than an archetypal trait, then by definition, the similarity is an unprotectable trope. *See DuMond v. Reilly*, 2021 WL 733311, at *20 (C.D. Cal. Jan. 14, 2021) ("The fact that both works include certain character archetypes … does not demonstrate protectability."). Other than that self-defeating argument, Plaintiff

---

copied appear in other works beyond the Screenplay and the Film only bolsters the conclusion that those elements are generic and therefore unprotectable.

7
REPLY IN SUPPORT OF FILM DEFENDANTS' MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

asserts that "differences in character traits do not preclude a finding of substantial similarity." *Id.* at 13.[6] But merely reciting this proposition does not establish any similarities between any characters in the relevant works.

### D. Setting

Plaintiff concedes the works' differences in setting, noting that the Screenplay is set in a "French village [mirroring] the ambiance of Andorra," while the Film is "set in a fictional town called 'Burning Bush' in Texas." Opp. at 13.

### E. Dialogue

Here too, Plaintiff does not substantively respond to the Film Defendants' point that the *one* allegedly similar snippet of dialogue is not relevant to the Film. *See* Mot. at 14-15. The complaint and opposition do not allege any other purportedly similar dialogue between the works.

### F. Mood and Pace

Plaintiff makes no specific allegations of similarity in mood and pace beyond her contradictory claims that the works' moods are similar, but that the Film is a "slapstick renditioning" of the Screenplay. Opp. at 14. Plaintiff makes no allegations whatsoever regarding any alleged similarities in pace.

## VI. PLAINTIFF'S LAWSUIT IS NOT SALVAGED BY A PASSING REFERENCE TO SELECTION AND ARRANGEMENT

Plaintiff's opposition briefly mentions a selection-and-arrangement theory, although she does not allege it in any detail (nor does she allege it in her complaint). Opp. at 4-5. While "a combination of unprotectable elements" may be eligible for copyright protection, that is true "only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir.

---

[6] Plaintiff cites *D.C. Comics v. Towle*, 802 F.3d 1012, 1025 (9th Cir. 2015) for this proposition. However, that portion of the *D.C. Comics* decision addressed the scope of *copyright protection* for the Batmobile as a standalone character, not substantial similarity between the works at issue, and is not relevant here. *Id.*

8
REPLY IN SUPPORT OF FILM DEFENDANTS' MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2003). "Put another way, what a selection and arrangement copyright protects is the *particular* way in which the artistic elements form a coherent pattern, synthesis, or design." *Skidmore*, 952 F.3d at 1074 (emphasis in original). Plaintiff did not allege that numerous elements formed any coherent pattern, synthesis, or design. Plaintiffs cannot establish substantial similarity by "reconstituting the copyrighted work as a combination of unprotectable elements and then claiming that those same elements also appear in the defendant's work, in a different aesthetic context." *Id.* at 1075. This is exactly what Plaintiff attempts here.

Notably, since *Metcalf v. Bochco*, 294 F.3d 1069 (9th Cir. 2002), the Ninth Circuit has not found infringement of the "selection and arrangement" of unprotectable elements in any case involving a film, television show, or other literary work. *See, e.g.*, *Corbello v. Valli*, 974 F.3d 965, 974 n.2 (9th Cir. 2020) (rejecting selection-and-arrangement argument because the unprotectable elements in works are "not 'numerous enough'"); *see also Ricketts v. CBS Corp.*, 439 F. Supp. 3d 1199, 1221 (C.D. Cal. 2020) (rejecting selection and arrangement where works "[told] decidedly different stories" and "most of the similarities between the two works flow[ed] from the basic plot" or were "overstate[d]").

Moreover, in *Metcalf*, the alleged similarities between the works were overwhelming and specific. The defendant had read the screenplay numerous times and then "produced his own screenplay based on the same plot" with "the same setting in the same location and city as plaintiff's;" both works explored "identical issues," contained "similar looking characters in identical professions, facing the identical challenges," as well as "similar outside characters who enter the plot," and overall, had an "identical" "sequence of events and happenings." *Identity Arts v. Best Buy Enter.*, 2007 WL 1149155, at *27 (N.D. Cal. Apr. 18, 2007) (distinguishing *Metcalf*, rejecting selection and arrangement, and granting judgment on the pleadings for defendants on copyright claims), *aff'd*, 320 F. App'x 772 (9th Cir. 2009). *Metcalf* also relied on the now-defunct inverse ratio rule. *See supra* n.4.

9
REPLY IN SUPPORT OF FILM DEFENDANTS' MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff does not – and cannot, given her own concessions – suggest that the few scattershot similarities between the Screenplay and Film are so pervasive, important, and sequential as to constitute protectable selection and arrangement.

## VII. PLAINTIFF'S SECONDARY LIABILITY ALLEGATIONS ARE CONCLUSORY, NOT PLAUSBLE

Plaintiff does not dispute that if her direct-infringement claims fail, her secondary liability claims fail as well. *Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014). Nor does Plaintiff plausibly allege *any* facts sufficient to show that the Film Defendants meet either of the requirements for a vicarious infringement claim – (1) "the right and ability to control" the allegedly infringing activity and (2) "a direct financial benefit" from the alleged infringement. *See MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 938 (9th Cir. 2010). Plaintiff makes no allegation that any of the Film Defendants had any control over the Film, nor that they garnered any direct financial benefit from the alleged infringement.

## VIII. CONCLUSION

For the reasons explained above, the Film Defendants respectfully request that the Court dismiss the complaint in its entirety.

DATED: April 4, 2022

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN (*pro hac vice*)

By: /s/ Cydney Swofford Freeman
Cydney Swofford Freeman

Attorneys for Defendants
AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; NINA HENDERSON MOORE; NETFLIX, INC.; NETFLIX STREAMING SERVICES, INC.; JAY HOAG; MICHAELA HOAG; AND LAURIE LACOB

10
REPLY IN SUPPORT OF FILM DEFENDANTS' MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899