Jenn fer L M Sendzu
CG 3, Av De La Cortinada 6, Edifici Claudia 2-3a,
Ordino. AD300. ANDORRA.
Telephone: (+376) 642300
oortcloudfilms@gmail.com
Plaintiff in Pro Se

FILED
CLERK, U.S. DISTRICT COURT
APR 29 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: JRE DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Jennifer L M Sendzul, independent screenplay writer.

Plaintiff

v

JAY C HOAG, is an individual; KNIGHTS CAPITAL 111 LLL, is a California Limited Liability Company; MICHAELA HOAG is an individual; LAURIE K LACOB is an individual; BRADFORD S HENNIG is an individual NINA HENDERSON MOORE is an individual; NETFLIX INC., is a Delaware Corporation; NETFLIX STEAMING SERVICES INC., is a Delaware Corporation; VERTICAL ENTERTAINMENT LLC., is a California Limited Liability Company; AMAZON. COM INC., is a Delaware Corporation; KATHY GRIFFIN is an individual; DARYL HANNAH is an individual; BROOKE SHIELDS is an individual; VIRGINIA MADSEN is an individual.

Defendants

**CASE NO: 2:21-cv-06894-RGK-KS**

***The Honorable R.Gary Klausner***

**NOTICE OF MOTION / MOTION FOR ORDER TRANSFERRING CASE TO APPROPRIATE COURT**

**[Filed with Memorandum of Points and Authorities; Affidavit; Declaration of Jennifer L M Sendzul; and Proposed Order]**

**Date: May 24, 2022**
**Time: 9:00am**
**Crtm.. 850**

TO THIS HONORABLE COURT, AND TO DEFENDANTS AND COUNSEL

**NOTICE IS HEREBY GIVEN** that on May 25, 2022 at 9:00am., or as soon as the matter may be heard in Courtroom 850, Roybal Federal Building U.S. Courthouse, 255 East Temple Street, Los Angeles, C A 90012, 8th Floor, Plaintiff Jennifer L M Sendzul will move for an order that she be allowed to set the oral proceedings for Change of Venue.

This Motion is made on the grounds (1) pursuant to 28 U.S. Code § 144 which states that when a party to a proceeding makes and files an affidavit that the Judge before whom a matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such Judge shall proceed no further, but another Judge shall be assigned to hear such proceeding. (2) pursuant to 28 U.S. Code § 1404(c) - Change of Venue. A district court may order any civil action to be tried at any place within the division in which it is pending.

This Notice of Motion is based on Point and Authorities of law, the Declaration of Sendzul and such other oral an other documentary evidence that may be submitted at the hearing.

DATED: 04/29/2022

Jennifer L M Sendzul
Pro Se Litigant

Jenn fer L M Sendzu
CG 3, Av De La Cortinada 6, Edifici Claudia 2-3a,
Ordino. AD300. ANDORRA.
Telephone: (+376) 642300
oortcloudfilms@gmail.com
Plaintiff in Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Jennifer L M Sendzul, independent screenplay writer.

Plaintiff

v

JAY C HOAG, is an individual; KNIGHTS CAPITAL 111 LLL, is a California Limited Liability Company; MICHAELA HOAG is an individual; LAURIE K LACOB is an individual; BRADFORD S HENNIG is an individual NINA HENDERSON MOORE is an individual; NETFLIX INC., is a Delaware Corporation; NETFLIX STEAMING SERVICES INC., is a Delaware Corporation; VERTICAL ENTERTAINMENT LLC., is a California Limited Liability Company; AMAZON. COM INC., is a Delaware Corporation; KATHY GRIFFIN is an individual; DARYL HANNAH is an individual; BROOKE SHIELDS is an individual; VIRGINIA MADSEN is an individual.

Defendants

**CASE NO: 2:21-cv-06894-RGK-KS**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CHANGE OF VENUE**

BACKGROUND .

1.) The Court has tried to paint the Plaintiff as a party that has not made sufficiently thorough and accurate efforts (April 15, 2022, Dkt. 118) to resolve the Complaint nor acted in good faith or even within the prescribed time limits.

2.) This needs to be rectified forthwith. It is patently false to rest under these assumptions.

3.) In the preamble to Plaintiff's Complaint it is stated that Defendants were sent a WIPO request as a means of constructive engagement prior to approaching the courts. (only Netflix Inc. responded while the remainder ignored this forum.) Defendants were also alerted via social media re a potential copyright infringement in which they allegedly participated but turned a blind eye.

4.) As such, it is the Defendants who effectively chose to tie up the Court's resources when faced with a reasonable alternative to resolving the Complaint. Plaintiff was forced into litigation and not the other way around. From the outset, Defendants had the alternative of cooperating to resolve the issues at hand or to stonewall the process and draw it out incurring unnecessary costs and time resources. They opted for the latter.

5.) Defendants have attempted to avoid summons at every turn, and on the face of it sought to take advantage of apparent irregularities in prolonged time delays for the service of summons process by the US Marshal. A process over which the Court had broad supervisory powers, (which Plaintiff maintains it failed to exercise) and which left Plaintiff stranded in the process without ability to intervene or to expedite matters or even being able to monitor the process on the Court's internal ECF system.

6.) Hence Plaintiff resorted on January 10th, **2022** (and not January 13th **2021** as the Court has erroneously recorded) to a last ditch measure of obtaining an extension to complete service of summons - the greater of 30 days or when the Marshal Service had finalized service of summons process. There can be no plausible reason why the Court would now belatedly deny such request.

7.) As can be seen from the minutes of the April 15 Order, the Judge went on a lengthy diatribe to explain why Plaintiff should not be granted alternative service via email despite the fact that the initial pleadings were advanced without the key defendant being served with the Complaint. "The propriety and prejudicial effect of a particular comment are judged both by its content and the circumstances in which they are made." *(Melton, supra*, 44 Cal.3d at p.735.)

8.) The Honorable Judge used harsh language in delivering his conclusion in the April 15 order, which was directed at Plaintiff even though the USM through the courts made no effort to enquire from the Plaintiff about an alternative address, when unable to serve summons, as is required by the court's/USM's internal protocol.

9.) The court could have approved alternative service weeks ago, yet it deferred a potential solution and as matters stand could deny Plaintiff the opportunity of accessing critical discovery from the alleged writer.

10.) In Strum, supra, 37 Cal.4th at page 1238. "Perhaps no one of them is important in itself but when added together their influence increases as does the size of the snowball rolling downhill."

11.) Defendants have regularly approached Plaintiff for an extension (at the eleventh hour) when there was no evidence on the ECF system that they had in fact been served. The Court was aware of this anomaly but did nothing and allowed this to continue uninterrupted to the prejudice of Plaintiff.

12.) Plaintiff believes, and will demonstrate that the Court has been overly generous in granting every motion that Defense has filed to the point of bias, while dismissing almost every motion Plaintiff has requested and persistently keeping Plaintiff's e-filings tied up in chambers for several days before uploading them or rejecting them. This has emboldened Defendants to approach the Courts as a preferred route rather than obtain a negotiated outcome to the mutual benefit of the parties.

13.) Plaintiff believes that this continuous judicial bias has affected the framework within which the case has proceeded. In the case of the US Marshal Service the court has declined to conduct a harmless error analysis, as to the delay in service of summons, through no fault of Plaintiff.

14.) (See Declaration No's: 1-12) indicates a pattern of bias so much so that the Honorable Judge demonstrated partiality in violation of the state and federal constitutions. (Freeman, Supra, 47 Cal.4th at p. 1006, fn.4. [suggesting that a pattern of bias may equate to a showing of actual bias] Hernandez v. Paicus (2003) 109 Cal.App.4th; Hall v Harket, supra, 69 Cal. App. 4th 836. Structural errors include proceedings held before a biased Judge.

15.) Furthermore, as a legitimate claimant seeking redress for copyright infringement, I maintain that I am being victimized and vilified as being irresponsible and culpable merely for exercising my right to relief from appropriation of my protected works.

H

16.) On April 20, 2022 Plaintiff's conclusion to her Complaint requests inter alia;

16.1) that the current proceedings be removed from the present jurisdiction of this Court and be replaced by an Alternative Dispute Resolution process as offered by the Central District of California pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 7

16.2) that all parties consent to the jurisdiction of Consent List Magistrate Judge by putting forward their nomination.

17.) Again the court has ignored Plaintiff's request while the Defendants take full advantage, again, of the court bias towards Plaintiff.

CONCLUSION.

In determining at the very least, that the ends of justice will be promoted by a change of venue, the court may rely not only on the direct facts set forth in Plaintiff's affidavit but also on any reasonable and relevant inference arising therefrom. (Harden v. Skinner & Hammond (1955) 130 Cal. App. 2d 68, 69, 217 P2d 157).

Based on the forgoing, Plaintiff Jennifer L M Sendzul respectfully requests and order of Change of Venue pursuant to 28 U.S. Code § 1404 (c).

DATED: April 29, 2022

Jennifer L M Sendzul
Pro Se Litigant

**AFFIDAVIT**

I, the undersigned

**JENNIFER LM SENDZUL**

hereby declare under oath as follows:

I am an adult female, independent screenplay writer based in the Principality of Andorra, and the facts herein deposed are within my personal knowledge and are to the best of my knowledge both true and correct.

This affidavit is made in good faith and pursuant to 28 U.S. Code § 144.

**1)** On April 20, 2022 I filed a formal complaint with the Court - copy sent to each Defendants' counsel. The Court has not uploaded such to its e-filing system as a document of record. It has also not provided myself with any notice of deficiency or otherwise.

**2)** On April 25, 2022 I advised the Court in writing that I would be unable to attend in person the Court's Scheduling Conference. I stated as my reason that I live and reside in Europe and such attendance is physically not possible. I offered to make myself available via Zoom Conferencing. The Deputy Clerk declined this offer saying that attendance had to be in person. As part of my motivation for this Motion, I refer to the fact that this Court is one of the minority of courts which do not offer conferencing facility, a fact which is severely prejudicing myself currently and going forward.

**3)** I have received a Notice of Civil Minutes - General, pertaining to the above Scheduling Conference which despite my Notice to the Court, was held and it was so noted "Case called. The Plaintiff is not present……"

The Court record now unfairly and inaccurately shows that I never attended the hearing and that I now need to show the Court cause why my Complaint should not be dismissed. This is a clear example of continuing prejudice and heavy handed approach which is hampering justice to prevail in my matter. As the Court knows, and was aware of this when it scheduled my case, that as a Pro Se litigant, In Forma Pauperis, I am only able to appear via Zoom conferencing.

**4)** On April 13, 2022 I requested a Time Extension due to (women's health issues) including physical and mental stress exacerbated by continuous denial of motions, delays in attending to Plaintiff's motions and the general belief that she does not have a voice in this court. (Dkt. 109)

This latest inequity which could easily and should have been granted by the Court - since no Defendant objected - is the most harmful and insensitive that Plaintiff has had to endure thus-far in her case in this court.

The Court has failed to take into account that Plaintiff is a Pro Se Litigant. While Plaintiff is appreciative of the Court's decision to grant her In Forma Pauperis status, the Court has not taken this into account nor taken into consideration that the reason for Plaintiff's predicament is in fact directly attributable to the alleged unlawful appropriation of her protected work. (Affidavit - Dkt.11)

**5)** On April 7, 2022 (6 days) ago I filed a request for the Judge to 'Stop the Clock' and to grant me 30 days to recalibrate my physical and mental wellbeing as I'm suffering from other health issues and am unable to sleep at night due to the fact that I appear shut out from this court for no apparent reason. This request was again insensitively retained in chambers and kept off the court e-filing system for six days while Defendants continued to file their motions and capitalized on this delay. One such example of this is Defendant Griffin's counsel's attempts to strip me of my right of appeal by offering to drop their costs in return for a non appeal and then simultaneously filing a lodgment for costs without disclosing to the courts that a settlement was in fact being discussed.

Furthermore, six days after my request for Time Extension was submitted, the Court denied this motion in a lengthy, heavy-handed response which was littered with inaccuracies, and as I have said was aimed at victimizing the Plaintiff without cause. (Dkt. 109)

**6)** On granting Defendant Henderson Moore an Ex Parte Application. (Dkt. 73), the Court has once more shown a lack of balance in addressing matters between the Parties. Defendant Henderson Moore did not file a waiver to summons, mailed initially by the Marshall Service. She had to be personally served. Her summons was misplaced by the Marshall Service and sent to Washington DC despite it being clearly marked for the State of Colorado.

Nonetheless, despite having literally months to prepare herself, she wrote to me at the eleventh hour (5 days before her supposed reply date) claiming she needed time to find counsel and had to move her elderly parents. I acceded (without proof or verification) and agreed to grant her 30 days extension to file. But as a precaution, insisted on proof of service as the ECF system did not reflect that she had been served by the US Marshal at all.

Three days later, she suddenly emerged with counsel intact (It is highly likely that this was a ploy since DWT Inc. were already representing Defendant Amazon .com Inc., and agreed to represent her despite admitting to not having had sight of her summons ever being served. DWT did not accede to my terms of her waiting at least 30-days before filing. (This was done on Plaintiff's part to ensure all remaining defendants would have been served by that time and therefore to coordinate the Court's proposed scheduling).

Defendant Henderson Moore's newly appointed counsel then approached the Court with the extreme remedy of an Ex Parte Application which remarkably, the Court heard and granted. There was neither urgency nor an emergency in this case

as these actions would normally be reserved for. Despite DWT confusing in its papers, the actual date on which Henderson had been served and also erring in filing their application on behalf of Amazon, instead of Henderson, the Court generously allowed the application to be heard and granted it.

In my case where I have asked for a simple time extension due to health issues, stress and pressures while being a Pro Se Litigant, the judge has shown no leniency or compromise whatsoever.

**7)** April 5, 2022. (Dkt. 105). Defendant Amazon filed its reply to Plaintiff's Opposition to their Motion to Dismiss (stating in the opening paragraph that Plaintiff "had late-filed its reply to their MTD".) Not only is this factually incorrect and inserted in bad faith - Plaintiff believes this was specifically designed to paint Plaintiff in a bad light - but the Court automatically accepted this document with this visible error.

On April 6th, 2022. (Dkt. 104) Discovery in terms of Rule 26(f) DWT Inc.,on behalf of Defendant Amazon, suddenly reframed and renamed its joint Defendants (without proper qualification or explanation) under a new grouping called "Film Defendants" (Dkt.106). This was not even questioned by the Court. Nonetheless, the apparent purpose of this filing was a joint discovery summary plan - Rule 26(f) report.

Despite Plaintiff holding a clearly designated Rule 26(f) conference and providing a list of all discovery items and contact people for her discovery plan, Defendants Counsel, DWT, first ignored the list, then at the eleventh hour sent Plaintiff a summary of what DWT alleged had been agreed on in the meeting. When Plaintiff disputed that she had agreed to waive her rights to receipt of discovery until after the Judge's ruling on the MTD, DWT simply went ahead and unilaterally filed its own report and tried to pass it off to the Court as a joint discovery plan between the Parties which is disputed. This report is patently in favor of Defendants and seeks to avoid discovery which prejudices Plaintiff's rights to discovery which is a critical element for validating Plaintiff's assertions in the Complaint.

This is a clear indication that Defendants are of the belief that the Court will accede to their demands and filing motions without question and therefore they do not need to make an effort to resolve or seek a solution outside of the Court with the Plaintiff.

In this instance, Plaintiff believes it would be pointless to bring this to the attention of the Court which, given previous history would simply deny such objection.

**8)** March 31, 2022 Default Notice against below mentioned Defendants. (Dkt. No. 107). It is worth noting that Defendants Shields and Madsen failed to respond

to their summonses within the prescribed time by February 11, 2022. Plaintiff filed a request for Notice of Default to be entered by the Clerk on February 16, 2022.

However, the Clerk only filed this Notice on March 18, 2022 (30 days) later. On March 31, 2022 (44 days after Plaintiff's request for Notice of Default to the Court), Plaintiff filed a Notice of Motion for Default Judgement under Rule 55(a). Once again, this document was held up in the Judges Chambers for (6 days) and then rejected without giving a rule to support such decision.

Defendant Shield's counsel has now filed to set aside the Clerk's Default Notice to reinstate her position with all rights to respond rather than having to reply to Plaintiff's Motion for Default Judgement. Despite this clearly being a strategic default, Defendant Shield's counsel has also filed for an extension giving them more time than the rules provide for her to reply to the summons which was served on January 21, 2022. Plaintiff has no doubt this extension of more time will be granted.

There appears to be no cap on leeway to Defendants even if they flout the law. Defendant Shield also sued Charlotte Tilbury Beauty Inc., and the downstream beneficiaries in the Central District of California allegedly for the unlawful use of Shield's iconic eyebrows. Therefore Defendant Shield is all to aware that downstream beneficiaries like herself can be liable for undue enrichment.

In the L.R 7-3 conference with Defendant Shield's counsel, it was explained that Plaintiff would relinquish claims against Shields if she would encourage the direct infringers to come to the negotiating table. Defendant Shields refused such offer and filed her motion to vacate the Default preferring to defend her position via litigation rather than open up dialogue.

**9)** April 12, 2022. PACER ACCOUNT. For some unexplained reason (after several months) PACER sent me a bill for the most recent quarter alleging that I was $2.60 over the $30 dollar limit (on a free service). Despite being granted In Forma Pauperis status several months ago, PACER are now saying they need an order from the Judge to waiver this amount for a vital communication service which is used for nothing other than filing and retrieving documents from the the Court's ECF system.

Below is the response from the Judge's Deputy Clerk regarding a waiver for my PACER account from the Judge. I now have to file a request after several months of been granted IFP for a service which the Court is well aware of as being a vital communication link.

"*Hello. Unfortunately, you'll need to submit your request regarding the pacer issue. I cannot just talk to him about the issue. You must formally make your request for the Court's consideration so that it is filed onto the docket. Otherwise, it does not exist to consider. Choice is yours. If I receive a filing from you via the EDSS system, I will submit it for docketing, if it is in order and submit to Judge Klausner. Thank you.*

Noteworthy are the words *"if it is in order"* if this order is rejected by the court (as the others have been) then I will be locked out of my PACER account and locked out of the court. I live in fear of this dread that this could be denied at the whim of the Court since there is no palpable reason why the Court should deploy such a heavy-handed stance to a simple matter.

**10)** April 1, 2022. Defendants Griffin's dismissal. (Dkt. 104). The court summation of Plaintiff's infringement action fails to distinguish that Defendant Griffin's infringement was a direct appropriation of the "Pap Smear" sketch from Plaintiff's screenplay and not flowing from that of The Hot Flashes film production. The court loosely mingles these two infringements as been one and the same in its introduction to the dismissal of the complaint against Griffin showing a lack of comprehension of the actual Complaint.

Again, I've reached the stage where there is no point in making an objection or filing a motion of opposition as it would simply be rejected.

**11)** April 7, 2022. Defendants Griffin's Notice of Lodging. (Dkt. 108). Some time between the April 4 and 7 Defendant Griffin's counsel sent an email stating that Defendant Griffin would forego attorney's fees (despite such fees not ever being asked for in Defendant's motion to dismiss). On April 7th, Plaintiff then made a counter-offer, in good faith, where she dropped the quantum of her initial claim considerably.

Defendant Griffin's counsel agreed to consult with his client concerning the offer. But, later that same day, without any notification to Plaintiff, went ahead and filed a Notice of Lodging to the Court to append to the judgement an award of costs to Defendant Griffin and that Plaintiff "should have no claims on Defendant Griffin".

At this point, Defendant Griffin's counsel never informed the Court that Plaintiff and counsel were in discussion regarding a possible settlement between the parties. As has become the norm, when the Defendant is unable to impose its will on Plaintiff it then seeks refuge with the Court which invariably grants Defendant its will.

**12)** April 15, 2022. Plaintiff is denied a motion for alternative service of process. (Dkt. 118). The Court's notice claims that Plaintiff filed a request for an extension for the effecting by the US Marshal of service of summons on January 13, **2021**. As stated above this is erroneous.

Below is the actual chain of events. Plaintiff filed this request for an extension on January, **2022 (the request was only uploaded onto the e-filing system 3 days later.)**

      The court ordered the Marshal Service on November 18, 2021 to effect delivery of summons on behalf of Plaintiff. In early January 2022, Plaintiff had become concerned about the lack of information which should have been disseminated on the court's ECF system.

      Plaintiff then contacted the Pro Se Clinic on January 7, 2022. When Plaintiff made the request to the Court for an extension on the January 10, 2022 there had been no information regarding progress of service of summonses to any of the named Defendants. It is also noteworthy that none of the Defendants returned a waiver of service, instead waited for the USMS to deliver the summonses wasting the Marshal's time and resources.

**Chain of events** when Plaintiff became concerned about the service of the summonses to named defendants.

---------- Forwarded message ---------
From: **fedproseclinic** <fedproseclinic@zohomail.com>
Date: Fri, 7 Jan 2022 at 19:43
Subject: Re: Intake Form - Jennifer Sendzul
To: oortcloudfilms <oortcloudfilms@gmail.com>


Jennifer Sendzul,

Thank you for your submission.

You should contact the U.S. Marshals Service to follow up on the status of service of process of your lawsuit.

The following number for the U.S. Marshals Service's Los Angeles district headquarters may be useful to you: (213) 620-7676.

It looks like the deadline for completing service is approaching.  We suggest that you file a request for extension of time to complete service.

You can find form/guide to request for extension on our website at: Request-for-Extension-Form.pdf (publiccounsel.org)

--  Pro Se Clinic Staff

From: **Civil Intake** <do-not-reply@cacd.uscourts.gov>
Date: Mon, 10 Jan 2022 at 15:01
Subject: Submission Confirmation
To: <oortcloudfilms@gmail.com>

**Dear Jennifer Sendzul:**
This email confirms that the document(s) listed below were received by the United States District Court for the Central District of California at the date and time indicated:
**Name:** Jennifer Sendzul
**Tracking Number:** EDS-220110-000-2625
**Date:** 1/10/2022 6:01:26 AM
Uploaded files:

- **Request-for-ext.pdf**
- *For the Chambers of the Honorable R.Gary Klausner*

**Notice of Electronic Filing**

The following transaction was entered on 1/13/2022 at 3:57 PM PST and filed on 1/13/2022
**Case Name:**
Jennifer LM Sendzul v. Jay C Hoag et al
**Case Number:**
2:21-cv-06894-RGK-KS
**Filer:**
Jennifer L M Sendzul
**Document Number:**
38

**Docket Text:**
**REQUEST for Extension filed by plaintiff Jennifer L M Sendzul. (jp)**

**2:21-cv-06894-RGK-KS Notice has been electronically mailed to:**

Jennifer L M Sendzul     oortcloudfilms@gmail.com

From: **Jennifer Sendzul** <oortcloudfilms@gmail.com>
Date: Tue, 25 Jan 2022 at 14:36
Subject: Fwd: Intake Form - Jennifer Sendzul
To: Sharon Williams <Sharon_Williams@cacd.uscourts.gov>

Dear Ms Williams,

According to the Pro Se Clinic I have been advised to follow up with the Marshal Service, and in a previous email they (Pro Se Clinic) gave me the telephone number of the Marshal Service in Los Angeles.  However, I believe that telephonically the Marshal Service has no way of authenticating my identity. Secondly, the order was made by the court to the Marshal Service and I'm not in the chain of communication of this process.

Would it be possible to contact Marshal Service via email and is Los Angeles Marshal Service the correct office.

I apologize for any inconvenience.

Sincerely,

Jennifer Sendzul

---------- Forwarded message ---------
From: **Sharon Williams** <Sharon_Williams@cacd.uscourts.gov>
Date: Tue, 25 Jan 2022 at 17:32
Subject: RE: Intake Form - Jennifer Sendzul
To: Jennifer Sendzul <oortcloudfilms@gmail.com>

Good morning.

As I advised you before, ex parte communications with the Court are not permitted. Any inquiry regarding your case must be made in writing, in pleading format, and filed appropriately. As you are aware, the Court ordered service of the summons and complaint in your case by the USMS and any attempt by you to contact that agency is improper. The USMS will execute service and file appropriate documents with the Court.

Thank you

**12 (a)…..Cont.** - Notice from the court regarding service of summons. (Dkt. 118)

The Court also claims in the above notice that Plaintiff failed to provide the Marshal with accurate and sufficient information. Not so. This is factually incorrect and misleading and is designed to paint Plaintiff as unreliable and unworthy of this service provided by the court.

Plaintiff hereby provides the source of her information on the following defendants which supports her contention that the information provided to the Marshal Service was not only accurate but originated directly from recent public source information.

(1)**Darryl Hannah,** (2)**Vertical Entertainment and** (3) **Bradford Hennig.**

**12(a)(1). Darryl Hannah's** summons was sent to her lawyer after it was comprehensively researched and ascertained that he had represented her in an IP infringement case re the *unauthorized use* of her name. The address on the

summons and complaint used for Defendant Hannah is taken verbatim from her lawyer, Mr Shuck's website.

Plaintiff included Defendant Hannah in her Complaint as not only is she a human rights advocate, but she herself was subjected to unlawful appropriation of her IP. However, she has shown no regard for Plaintiff's position.

Hannah v. Currie Acquisitions, LLC. (Cal. Sup. Ct., Los Angeles). "Mr. Schuck represented a well-known actress in a right of publicity suit based on the defendants' unlicensed use of photographs of the actress in advertising and promotional materials."
BZBM San Francisco
One Embarcadero Center
Suite 800
San Francisco, CA 94111
Telephone: 415.956.1900
Facsimile: 415.956.1152

**12(a)(2)   Vertical Entertainment LLC.'s** address was taken from the California Business Search referenced against their corporate particulars. This was further validated by Netflix Inc.'s lawyer, Jarin Jackson who claimed that Netflix received the rights to The Hot Flashes film from Vertical and that Vertical's authorized agent was Mr Jose Martinez at the designated address which Plaintiff duly supplied. According to the Marshal's report the company had moved but did not leave any forwarding address.

**12(a)(3)  Bradford Hennig's** address which was taken from the referenced website (EXH. 1) is the same address designated for The Hot Flashes LLC on the California Business Search which has been continuously used since 2011.

   In its order to the Marshal Service the Court erred with Defendant Hennig's name by stating it as "Henning". Plaintiff had to inform the court of this error. Had this not been done then Hennig could possibly have refused service.

   When I filed the complaint in 2020 this address was valid and in force. Hennig operates a communications business, apparently with clients such as VISA and Hewlett-Packard. To date, his communications business is still listed exactly as that of the address on the summons supplied to the Marshal Service.

    Bradford Hennig is the central figure in the Copyright appropriation claim since he alleges to have authored a screenplay with its main theme being menopause and breast cancer. In addition, Defendant Hennig has also patently misrepresented to Plaintiff by sending her a falsified WGAWEST certificate and also claimed to have optioned his screenplay to a party who denied this. The Court has however

given him the benefit of the doubt as to his bona fides over that of the Plaintiff. The only way to reach Hennig has been by email which Plaintiff advised the Court she had previously done.

DATED: April 29, 2022

Jennifer L M Sendzul
Pro Se Litigant

**DECLARATION**

I, Jennifer L M Sendzul declare as follows;

1. I am the Pro Se Litigant in this case. I have personal knowledge of the facts and if called as witness I am competent to testify to these things.
2. I have attached to this Motion my supporting Affidavit detailing the facts and reasons for the belief that bias or prejudice exists.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on April 29, 2022 in the Principality of Andorra.

DATED: April 29, 2022

Jennifer L M Sendzul
Pro Se Litigant

Jenn fer L M Sendzu
CG 3, Av De La Cortinada 6, Edifici Claudia 2-3a,
Ordino. AD300. ANDORRA.
Telephone: (+376) 642300
oortcloudfilms@gmail.com
Plaintiff in Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Jennifer L M Sendzul, independent screenplay writer.

Plaintiff

v

JAY C HOAG, is an individual; KNIGHTS CAPITAL 111 LLL, is a California Limited Liability Company; MICHAELA HOAG is an individual; LAURIE K LACOB is an individual; BRADFORD S HENNIG an individual; NINA HENDERSON MOORE is an individual; NETFLIX INC., is a Delaware Corporation; NETFLIX STEAMING SERVICES INC., is a Delaware Corporation; VERTICAL ENTERTAINMENT LLC., is a California Limited Liability Company; AMAZON. COM INC., is a Delaware Corporation; KATHY GRIFFIN is an individual; DARYL HANNAH is an individual; BROOKE SHIELDS is an individual; VIRGINIA MADSEN is an individual.

Defendants

**CASE NO: 2:21-cv-06894-RGK-KS**

**ORDER TRANSFERRING CASE TO APPROPRIATE COURT**

**[Notice of Motion/Motion for Order Transferring Case To Appropriate Court filed with Memorandum of Points and Authorities; Affidavit; Declaration of Jennifer L M Sendzul.]**

**Date: May 24, 2022**
**Time: 9:00am**
**Crtm.. 850**

ORDER TRANSFERRING CASE TO APPROPRIATE COURT

The noticed Motion for Order Transferring Case to Appropriate Court was brought by Jennifer L M Sendzul, Pro Se Litigant pursuant to 28 U.S. Code § 144 and 28 U.S. Code § 1404 (c).

It is so ordered that this Civil action be transferred to any place within the division in which it is pending and which is equipped with Zoom conferencing facilities.

DATED: April 29, 2022

Jennifer L M Sendzul
Pro Se Litigant

## FEDERAL COURT PROOF OF SERVICE LIST

**Jennifer L M Sendzul v. Jay C Hoag et al.,**

**USDC Case No. 2:21-cv-06894-RGK-KLSx**

**NOTICE OF MOTION FOR CHANGE OF VENUE AND SUPPORTING DOCUMENTATION : 04/29/2022**

These documents were served by the following means:

Submitted to the Central District of California's CM/ECF System. Notification of this e-filing was sent the service list below.

**COUNSEL FOR DEFENDANT KATHY GRIFFIN.**

LEW S BR SBO S B SGAARD & SM T LLP
Dana A den Fox, SB# 119761
Ema : dana.fox@ ew sbr sbo s.com

M chae S Moss SB# 211115
Ema : m chae .moss@ ew sbr sbo s.com
663 West F fth Street, Su t 4000
Los Ange es, Ca forn a. 90071
Te ephone: 213.250.1800
Facs m e: 213.250.7900

**COUNSEL FOR DEFENDANT AMAZON & OTHERS**

DAV S WR G T TREMA NE LLP
Cydney Swafford Freeman, Esq.
Ema : cydneyfreeman@dwt.com

N co as A Jampo
Ema : n co asjampo @dwt.com

85 South F gueroa Street, Su te 2400
Los Ange es, CA 90017-2566
Te ephone: 213.633.6800
Facs m e: 213.633.6899

Meenasks Kr shnan (pro hac v ce)
Ema : Meenaks Kr shnan@dwt.com
1301 K Street NW, Su te 500 East Wash ngton, D.C. 20005
Te ephone: (202) 973 4200
Fax: (202) 973 4499

**COUNSEL FOR DEFENDANT BROOKE SHIELDS**
WILLKIE FARR & GALLAGER LLP
2029 Century Park East, Los Ange es, CA90067-2905
Te ephone: 310 855 3000
Facs m e: 319 855 3009

spa mer1@w k e.com
agarc a2@w k e.com
award@w k e.com
MaoLA@w k e.com

Date Filed: April 29, 2022.

**Jennifer L M Sendzul**
Pro Se Litigant