# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06894-RGK-KS | Date | May 9, 2022 |
|---|---|---|---|
| Title | *Jennifer LM Sendzul v. Jay C Hoag, et al.* | | |

Present: The Honorable **R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE**

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:    Attorneys Present for Defendant:

Not Present                         Not Present

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion to Transfer Case [DE 125]**

On April 29, 2022, Plaintiff filed a motion styled as a Motion to Transfer the Case to the Appropriate Court. (ECF No. 125.) Included with the Motion is a request to disqualify this Court pursuant to 28 U.S.C. § 144. The Court finds it proper to rule on the Motion itself, as the "challenged judge . . . should rule on the legal sufficiency of a recusal motion in the first instance." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *see also* C.D. Cal. Gen. Order 21-01 ([A disqualification motion] must first be reviewed by the district judge to whom that case is assigned, even if that judge is the subject of the motion to disqualify."). If the affidavit accompanying the motion is legally insufficient, then recusal can be denied. *United States v. $292, 888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

Plaintiff bases her argument for recusal on the alleged biases of this Court. However, the biases she asserts result solely from this Court's rulings on both procedural and substantive matters. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Recusal "is required only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991). Plaintiff makes no assertions that this Court's alleged bias arises from an extrajudicial source. Rather, her "grievances are based entirely on court rulings with which she disagrees." *Citizen v. Cty. of San Bernardino*, 2021 WL 4228054, at *4 (C.D. Cal. Aug. 5, 2021). "Adverse findings do not equate to bias." *United States v. Johnson*, 610 F.3d 1138, 1148 (9th Cir. 2010). Accordingly, her affidavit is legally insufficient and the Court **DENIES** the request for recusal and transfer of venue.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/a |